```
1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK
2

3      ------------------------------------X
                                          :
4      SENISI, et al.,                    :   13-CV-3314 (LTS)
                                          :
5                      Plaintiffs,        :   September 5, 2013
                                          :
6               v.                        :   500 Pearl Street
                                          :   New York, New York
7      JOHN WILEY & SONS, INC.,           :
                                          :
8                      Defendant.         :
       ------------------------------------X
9
           TRANSCRIPT OF CIVIL CAUSE FOR DISCOVERY CONFERENCE
10             BEFORE THE HONORABLE LAURA TAYLOR SWAIN
                  UNITED STATES CHIEF DISTRICT JUDGE
11

12     APPEARANCES:

13

       For the Plaintiff:          KEVIN McCULLOCH, ESQ.
14                                  DANIEL NELSON, ESQ.
                                    Nelson & McCulloch LLP
15                                  405 Lexington Avenue
                                    New York, New York 10174
16

17
       For the Defendants:         JESSIE BEEBER, ESQ.
18                                  ANNA KADYSHEVICH, ESQ.
                                    Frankfurt Kurnit Klein & Selz, PC
19                                  488 Madison Avenue
                                    New York, New York 10022
20

21
       Court Transcriber:          SHARI RIEMER
22                                  TypeWrite Word Processing Service
                                    211 N. Milton Road
23                                  Saratoga Springs, NY 12866

24

25


       Proceedings recorded by electronic sound recording,
       transcript produced by transcription service
```

2

1          THE COURT: This is the initial pretrial conference

2    in the matter of Senisi v. John Wiley & Sons, Number 13-CV-

3    3314.

4          I'm Judge Swain.  For the benefit of the digital

5    audio record, counsel would you please introduce yourselves by

6    way of stating your appearances.

7          MR. McCULLOCH:  Good afternoon, Your Honor.  Kevin

8    McCulloch from Nelson & McCulloch for plaintiffs.

9          THE COURT: Good afternoon, Mr. McCulloch.

10         MR. NELSON:  And Dan Nelson from Nelson & McCulloch

11   also for plaintiffs.

12         THE COURT: Good afternoon, Mr. Nelson.

13         MR. NELSON: Good afternoon.

14         MS. BEEBER:  Jessie Beeber, Frankfurt Kurnit for

15   defendant Wiley.

16         THE COURT: Good afternoon, Ms. Beeber.

17         MS. KADYSHEVICH:  Anna Kadyshevich, Frankfurt Kurnit

18   for defendant Wiley as well.

19         THE COURT: Good afternoon, Ms. Kadyshevich.  Good to

20   meet you.

21         The principle matter I think on which we need to

22   focus today is the premotion conference with respect to the

23   defendant's request to stay discovery pending resolution of

24   the motion to dismiss, and I note that earlier this afternoon

25   I signed the stipulation extending slightly the briefing

1  schedule on that motion.  So that should appear on the ECF

2  system within a day or so, if not by this afternoon.

3          What discovery requests are pending or outstanding

4  at this point, if any?

5          MR. McCULLOCH: Your Honor, Kevin McCulloch for

6  plaintiffs.  We actually received the request to stay when we

7  began the meet and confer process under Rule 26. So no

8  discovery has been served because the defendant wouldn't meet

9  and confer and before we, plaintiffs, could request Your Honor

10  compel that discovery would proceed and enter a discovery

11  schedule the plaint -- the defendant requested a premotion

12  conference on the stay and Your Honor granted the request to

13  hear that issue today.  So over the last couple of weeks

14  nothing has transpired.  There is no outstanding discovery

15  that's been served yet.

16          THE COURT: And in terms of your near term

17  anticipated waves of discovery, can you give me a general

18  sense of the nature and scope of the request that you

19  anticipate?

20          MR. McCULLOCH: Yes, Your Honor.  Just given the

21  nature of the claims I think it would make sense to focus on

22  the narrow licensing history of the plaintiff's images John

23  Wiley's uses thereof.  This is pretty elementary discovery

24  that -- there's really no question about whether or not it

25  would be within the scope of Rule 26.  We would request copies

4

1   of the actual licenses and the usages of the photos identified

2   in those licenses and then revenue data, et cetera, the basic

3   elements of a claim for copyright infringement.  We would

4   focus on the copyright claims specifically.  I think that

5   there's no doubt that those claims will proceed.  There might

6   be some question about the DEC action claims and given the

7   nature of those legal questions we can focus on the copyright

8   claims in discovery.

9           I'd note that this Court has in my knowledge never

10  stayed discovery in these types of claims against John Wiley.

11  I cited seven different instances in which Wiley has sought a

12  stay of discovery.  Three times Judge Dolinger all in related

13  cases he denied them at an initial pretrial conference.  They

14  reiterated and renewed their motion for a stay to Judge

15  Dolinger in those three cases, denied again.  Even in cases

16  where claims, copyright claims eventually have been dismissed

17  Judge Freeman denied a stay of discovery.  In fact, the

18  ultimate dismissal of the copyright claims was based on

19  affidavits that pertain to elements that were uncovered in

20  discovery.  I'm not aware of any copyright claims in this

21  district against textbook publishers where there has been a

22  stay of discovery ordered.  Pearson has sought similar stays

23  also from Judge -- in cases before Judge Etkin, in cases

24  before Judge Holwell and in cases in front of Judge Rakoff all

25  of them have been denied.

1          The elements of our pleadings are identical to the

2    claims in front of Judge Etkin that Judge Etkin repeatedly has

3    found can proceed.  Judge Etkin has contrary to the

4    representations of Wiley's motion denied -- dismissed any of

5    the copyright claims in the Young Wolf or the Rubin or the

6    Warren case.  He also didn't dismiss any of the claims in the

7    Schneider or the Soyhoyos case.  All of those cases have

8    identical allegations against the same defendant for the exact

9    same conduct, pled in the same manner where we identified the

10   license violations in the complaint and attach exhibits of the

11   photos and the books at issue to whatever extent we can obtain

12   the information prior to discovery and the claims are made

13   based upon that information.  And all of them have proceeded

14   to discovery.  None have been dismissed except where there is

15   an arbitration clause and Wiley doesn't make that argument

16   here.  That's the Kohl case.  That argument has not been made

17   here and so the Kohl ruling by Judge Freeman is in a posit.

18          But I'd also note that even where Judge Kohl

19   ultimate -- or Judge Freeman ultimately dismissed the claims

20   in the Kohl v. Wiley case, she didn't stay discovery and

21   discovery proceeded in that case as well.

22          So in our opinion focusing on the copyright claims

23   would be I think an appropriate way to narrow the scope of

24   discovery at this point to avoid any potential prejudice.  We

25   would focus on the licensing history of plaintiff's works by

1   Wiley, the usages of those photos and the elements of damages

2   related thereto, profits attributable to loss, license fees,

3   et cetera.  Those are basic elements of the copyright claim.

4          There would be broader discovery necessitated later

5   on policies and procedures, et cetera, that Wiley has been

6   ordered to produce in every case but at this point I think the

7   basic elements of discovery should at least proceed if not all

8   of it, Your Honor.

9          THE COURT: Thank you.  Ms. Beeber.

10          MS. BEEBER: Your Honor, I'd like to back up sort of

11   to the beginning for a moment here and talk about the claims

12   that the seven plaintiffs are bringing in this case.  The

13   seven plaintiffs are all photographers, all represented by the

14   same attorneys who have represented those same photographers

15   in other photographers in cases against Wiley and other

16   textbook publishers as well.  This case, however, is very

17   different from the other kinds of cases that these plaintiff's

18   counsel have brought in the past and it's different for a

19   couple of reasons.

20          The first is that they make a copyright infringement

21   claim sort of on behalf of all seven photographers alleging

22   vaguely that all of the photographers took photographs were

23   licensed to Wiley either through unidentified photo agencies

24   or them themselves and were infringed in a one paragraph sort

25   of laundry list of acts.  These seven photographers did not

1  take any photographs together.  They each took their own

2  separate photographs at different times, used different

3  licensing agencies at different times, have completely

4  different facts regarding what Mr. McCulloch calls the simple

5  elements of the copyright infringement claim.

6         THE COURT: Well, let's say I were to find merit in

7  your misjoinder argument.

8         MS. BEEBER: Yes.

9         THE COURT: Let's just say that still wouldn't

10  visciate the individual's copyright claims, it wouldn't in and

11  of itself visciate the individual's copyright claims and so to

12  the extent I exploded the case and made them pay six more

13  filing fees you're still going to get the same question.

14         MS. BEEBER: I agree with that, Your Honor.  I'm

15  actually making a little bit of a different point which is --

16         THE COURT: I'm sorry.

17         MS. BEEBER:  -- in the other cases that Mr.

18  McCulloch mentioned while they may have attached an exhibit

19  like they did in this case they attached Exhibit 7 through 11

20  to the complaint which are each just a chart of every time

21  they say a photo was licensed to Wiley by a particular

22  photographer.  In the other cases that Mr. McCulloch was

23  talking about, for instance in the Warren case there was one

24  photograph that was identified as being infringed and that

25  photograph was pled in the complaint.  In the Rubin case there

8

1   was one photograph that they allege was infringed.  That was

2   pled in the complaint.  In the Young Wolf case there were 17

3   photographs pled in the complaint and then the long laundry

4   list exhibit that was attached.

5          What Judge Etkin said is that the copyright

6   infringement claim proceeds with respect to the 17 that are

7   identified in the complaint but you can't just attach an

8   exhibit with a lot of images and a lot of dates and say that

9   that's your copyright infringement claim.  So, here, although

10  Mr. McCulloch is saying it would be a very simple matter of us

11  producing the licenses and the uses of the images, the huge

12  question, the question to be decided on our motion to dismiss

13  is what images are you talking about.  There is no particular

14  image pled in the complaint with respect to any particular

15  plaintiff and that is why going forward with discovery right

16  now -- you know, we meet all of the standards for a stay.

17         The breadth of discovery is incredibly wide because

18  they have 222 images listed in the exhibits of their

19  complaint.  They're not even saying that all of those were

20  infringed but they're saying this is it, now you produce all

21  the licenses and all the usage information with respect to

22  those images.  I would submit they at least have to have an

23  allegation in the complaint saying yes, this image was

24  infringed.

25         As far as prejudice, the prejudice to us is great

1    because we have to open our record room and produce all this

2    information before it's even decided what copyright claims are

3    in the case.

4          Now, another thing that distinguishes this case from

5    every one that they brought in the past except for one is that

6    they're asking for a declaratory judgment that they are

7    entitled to some audit and accounting through Wiley's books

8    and records.  Now, first of all, that's a completely

9    unprecedented claim.  Judge Daniels just dismissed that exact

10   same claim brought by the exact same lawyers, the exact same

11   plaintiff Senisi against Hobb Mifflin and he said there's no

12   right under the copyright act to an audit and therefore you do

13   not have a basis for bringing a declaratory judgment action

14   seeking an audit.

15         Now, if we were to give them discovery on that issue

16   they would be getting the ultimate relief that they are

17   seeking in this case with respect to their declaration before

18   our motion to dismiss has even been reviewed and decided.

19   That is highly prejudicial.

20         THE COURT: Well, they say they're not asking for

21   discovery relevant to the declaratory judgment claim, at least

22   on the front end of this case.

23         MS. BEEBER: If we went forward there would have to

24   be some very clear stipulation to that effect and I think the

25   problem with them saying that is that those source of claims

1  are completely intertwined with the amorphous copyright claims

2  that they're making because they haven't identified in the

3  complaint what images they are saying are infringed.  If they

4  have these long lists of everything that they say was ever

5  licensed to Wiley and we then have to produce them information

6  on those regardless of whether they're saying those images

7  were infringed or not, that is the same relief that they're

8  seeking in the DEC action.  It's the exact same thing.  It's

9  saying account to us on all of these images regardless of

10  whether we say they were infringed or not.

11         Getting to the strength of our motion, I think I

12  have addressed that to some extent already.  Obviously to

13  plead a copyright claim you cannot just attach exhibits full

14  of lists of images.  You have to say what image was infringed,

15  when it was infringed, how it was infringed, et cetera, and

16  you have to do that for each plaintiff and for each image.

17  You can't mush all of the plaintiffs together.

18         And another thing that we pointed out in our motion

19  to dismiss is that two of these plaintiffs, Hankin and Newman,

20  do not have any copyright claims at all.  No copyright

21  infringement claims pled whatsoever and plaintiff's counsel

22  has confirmed that to us.  So with respect to them if there's

23  no discovery happening on the declaratory judgment action

24  certainly there should be no discovery whatsoever with respect

25  to them.

1          Again, I have to come back to them saying very

2     easily we won't seek discovery on the declaratory judgment

3     action because I think it's all just the same thing.

4          THE COURT: You're saying to the extent they're

5     seeking revenue and usage information with respect to -- and

6     the licensing history that is in effect a generalized audit at

7     least to the extent that they haven't made specific claims of

8     infringement?

9          MS. BEEBER: That is absolutely right, Your Honor.

10    That's what I'm saying.  So I understand there's no automatic

11    stay just because you file a motion to dismiss.  What I'm

12    saying is that this is an unusual case.  Because of the way

13    that they pled their claims I think going forward with the

14    discovery right now basically gives them the ultimate relief

15    they're seeking in the case and puts us to an incredible

16    burden of producing documentation on images that they're not

17    even saying were infringed.  That's why we should be entitled

18    to a stay.

19         THE COURT: Thank you.  Mr. McCulloch.

20         MR. McCULLOCH: Your Honor, I'd actually like to

21    address these issues in reverse order from Ms. Beeber's

22    presentation.  So I'll address the contention that the relief

23    that we're seeking the DEC action is the same discovery we

24    would be seeking under -- with respect to the copyright claims

25    and that's just patently false.

12

1          The DEC action is a -- seeks relief that we are

2   entitled to the information without having to file a copyright

3   claim and wait until discovery to get the information.

4   Getting it under Rule 26 doesn't in any way moot the question,

5   the legal question about whether or not we're entitled to it

6   presuit, number one.

7          Number two, and much more importantly, the DEC

8   action pertains to the claim -- to the photos not capable of

9   being identified.  Meaning the discovery we would seek pertain

10  to the photos identified in the charts we are able to identify

11  that have been used by Wiley.  The DEC action seeks the

12  information for the broader universe of plaintiff's photos

13  that Wiley has used without any licensing information being

14  provided to the plaintiffs.  So Ms. Beeber is just wrong.  The

15  DEC action is much broader than the licensing history of the

16  photos identified in the exhibits.  They are different issues.

17  They're pertaining to a broader set of photos and it would be

18  a presuit relief, not Rule 26.

19          On this point I'd like to note Judge Daniels

20  dismissed plaintiff's DEC action claim because he ruled that

21  we would be entitled to it in discovery anyhow.  That is --

22  that's sort of misnomer that Wiley is skipping over here.

23  Judge Daniels said you're going to get this anyhow, I'm

24  dismissing the DEC action even though -- because there's no

25  third -- you're not a third party beneficiary of the licenses.

13

1  Plaintiff's in this case, however, have direct licenses to
2  Wiley.  So Judge Daniels' ruling is in a closet.  But even if
3  it applied his ruling was you're going to get licensing
4  history in discovery anyhow, I'm dismissing the DEC action, go
5  ahead and seek this information and he didn't stay discovery
6  while that motion was pending.  He didn't stay discovery
7  during argument on the motion.  Discovery proceeded and Judge
8  Daniels didn't stay discovery even though there are identical
9  claims in that case as there are in this case.

10      With respect to the question about whether or not
11  plaintiffs identified the photos and alleged copyright
12  infringement for the photos, Ms. Beeber is just patently
13  misconstruing the rulings of this court and mischaracterizing
14  the pleadings.

15      Let me focus on an example.  David Young [Ph.] v.
16  Wiley.  There are two exhibits to that complaint.  One is 17
17  photos in 50 or so books that are copyright claims.  Then
18  there's Exhibit 2 which are a much broader set of photos that
19  are contract claims.  Judge Etkin dismissed the contract
20  claims, let the copyright claims proceed.  Both are in
21  exhibits.  There's no part of Judge Etkin's ruling that says
22  I'm dismissing it because it's in a chart that's attached to
23  the complaint as opposed to the body of the pleadings.  That
24  distinction is irrelevant.

25      THE COURT: Will you as plainly and directly as you

14

1  can respond to Ms. Beeber's assertions as I understand it that

2  to the extent copyright claims have been held properly pleaded

3  in these cases the plaintiff has identified particular images

4  and particularized his or her contention that the

5  particular -- the copyright in the particular image has been

6  infringed?

7       MR. McCULLOCH: Yes.  Judge Etkin has ruled on this

8  issue in <u>Schneider v. Pearson</u>, <u>Rubin v. Wiley</u>, <u>Warren v. Riley</u>

9  and <u>David Young v. Wiley</u>, four decisions in the last eight

10  months by Judge Etkin.  He's reached the same conclusion in

11  every case.  He says a single paragraph outlining the types of

12  infringements is sufficient to put Wiley on notice of the

13  types of infringement claims against it and it out of an

14  abundance of caution -- this is quoting Judge Etkin "Wiley can

15  presume that all sorts of infringement are being contended,"

16  and that's what we do here.

17       THE COURT: So are you saying that you are making a

18  contention in this complaint that every single image listed in

19  your exhibits has been infringed in one or more of the ways in

20  your omnibus paragraph?

21       MR. McCULLOCH: Yes.  Exhibit 7 through 10 include

22  lists of the photos and the books and licensing parameters

23  where they're available and our contention is in one of the

24  various ways that we've identified in the complaint Wiley has

25  infringed copyrights in each and every one of those photos.  I

1   can direct Your Honor to Paragraphs 108 through 115.

2          THE COURT: I'm looking at 109.  It says plaintiffs

3   assert copyright infringement claims related to the photos

4   identified in 7 through 10.  It doesn't say each and every and

5   so --

6          MR. McCULLOCH: The reason that we put that paragraph

7   in is because Wiley made the same argument in the Young Wu

8   case and says there's a whole host of photos in this big chart

9   and we don't know what infringement claims apply to what.

10         THE COURT: So you're stating on the record here as

11  an officer of the court that the intent of this paragraph is

12  to indicate that there is a copyright infringement claim

13  asserted with respect to each and every photo as opposed to

14  relating somehow to something in the list?

15         MR. McCULLOCH: Yes.  Yes, Your Honor.  The reason

16  that is the case, just so that we're clear, as this court has

17  held on at least a half a dozen occasions and as almost every

18  court that I'm aware of in the country has held, the defendant

19  Wiley has sole possession of the information to make our more

20  specific allegations.  Those are license.  The license

21  includes a whole host of parameters.  A print one, a language

22  restriction, a territory restriction, a usage restriction and

23  what book it can go in.  Wiley knows the print run.  Wiley

24  knows if it produced -- if it granted foreign licenses.  Wiley

25  knows if it reused the photo in a different book without

1  permission but Wiley won't share that information.  But we do

2  know that Wiley has been held liable multiple times involving

3  these same types of cases and the evidence in those cases

4  suggest that Wiley had corporate policies that it capped --

5  for instance, capped print run numbers at 100,000 even though

6  it knew it was printing millions of copies of certain books.

7        Because the information is in Wiley's sole

8  possession we assert copyright claims under rule 11 upon

9  information and belief.  The evidence from other cases

10  provides more than sufficient information and belief for us to

11  assert those claims and then discovery proceeds and then we

12  amend the complaint to narrow the scope so that we identify

13  which specific claims go with which specific photos.  This is

14  the whole exercise of why Rule 11 exists.  We briefed this

15  issue to this court almost a dozen times now in Wu v. Pearson

16  I, Wu v. Pearson II, Schneider v. Pearson, Rubin v. Wiley,

17  Warren v. Wiley, David Young v. Wiley, Soyhoyos v. Wiley.  All

18  of those claims have been asserted and pled in the identical

19  fashion as we do here.  All of those claims have proceeded.

20  The only times that claims have been dismissed are Cole v.

21  Wiley where there is an arbitration clause and discovery

22  wasn't stayed in that case and there were subsequent

23  additional amended complaint in Cole v. Wiley.  Discovery was

24  allowed on that and Wiley submitted affidavits to the court

25  that it didn't publish those photos, that we had misidentified

1  them and Judge Freeman dismissed the claims after discovery

2  based upon that representations from Wiley.

3          THE COURT: Thank you.

4          MR. McCULLOCH: I think that gives us the weight of

5  why the defendant's motion is weak.

6          Then the final -- I'm sorry.

7          THE COURT: Do you have a final point?

8          MR. McCULLOCH: Yes.  Just Ms. Beeber said on the

9  joinder issue whether or not the case should be settled, that

10 these photographers never took photos together, didn't work

11 together, aren't in the same agencies and are in different

12 books and just none of that's true.  Ms. Dwight and Ms. Senisi

13 worked together on a regular basis.  Their images appear in

14 all of the same books.  That's because there's not a lot of

15 people taking pictures of this type of content.

16         THE COURT: As I indicated in one of my first

17 comments to Ms. Beeber the question of whether these people

18 are ultimately all properly joined together in this particular

19 case is not for me a significant factor in the issue of

20 whether discovery should go forward at this point.  Obviously

21 it's a core issue raised in the motion to dismiss but there's

22 no need to argue that issue right now.

23         MR. McCULLOCH: I guess I was just giving you a

24 teaser.  Thanks, Your Honor.

25         THE COURT: Thank you.  Briefly, Ms. Beeber.

1          MS. BEEBER: Yes, Your Honor.  I'd like to address a

2    couple of points.  I think that what Mr. McCulloch has said

3    here today that every single image listed in the exhibits is

4    claimed to have been infringed underscores why we need a stay

5    of discovery.  The reason for that is this.  Plaintiffs and

6    defendants have a basic dispute about what you need to plead

7    in order to have a copyright claim that can go forward.  As we

8    put in our brief you have to plead which specific original

9    works are the subject of the copyright claim that plaintiff,

10   each plaintiff -- there are seven in this case -- owns the

11   copyrights in those works, that the copyrights have been

12   registered in accordance with the statute, and number four, by

13   what act and during what time the defendant infringed the

14   copyright.

15          Now, he can say I attached an exhibit with 222

16   images on it with different information for each one and now

17   discovery should go forward.  What I say is they have to be

18   put to this pleading test first.  They have to say what images

19   were infringed and how and when and that they have copyrights

20   in each of them and that the copyrights had been registered,

21   and until that has happened it's prejudicial and burdensome

22   for Wiley to have to go forward with discovery on 222

23   different images.

24          So I don't think that what he has said proves that

25   the stay should be denied. I think that it proves that the

1    stay should be granted.

2          Now, I have a lot of things to address with respect

3    to what Mr. McCulloch said and I think the first thing that I

4    want the court to understand is I do not misrepresent. I do

5    not obscure.  I've never been in a situation with attorneys

6    who have accused me so often of making misstatements and lying

7    and I am not lying about what Mr. -- what Judge Daniels did

8    when he dismissed the declaratory judgment action in Senisi.

9    Judge Daniels did not say that they were entitled then to

10   discovery until all of the various claims --

11         THE COURT: I recognize that I will have to read

12   these other decisions for myself and develop my own

13   understanding --

14         MS. BEEBER: Yes, Your Honor.

15         THE COURT:  -- of them as I get into the merits of

16   the motion to dismiss.

17         MS. BEEBER: I agree, Your Honor.

18         THE COURT: And I also recognize that each side has

19   different understandings and positions as to the significance

20   of those other decisions.

21         MS. BEEBER: Yes.  That was the other point I was

22   going to make which is just the court should look for itself

23   to what those decisions say in Warren and Wiley and Rubin and

24   Soyhoyos.  There's only one plaintiff in each of those cases,

25   not seven different plaintiffs joined together and I think

20

1   read through that lens the court would understand that those

2   cases very clearly said you have to identify the works that is

3   being infringed and how and when and in what manner.

4           The Cole case was not just dismissed because of the

5   arbitration clause.  If you read Judge Freeman's decision --

6           THE COURT: I'll read -- I will look forward to

7   reading those and reading the briefing on those issues.

8           MS. BEEBER: Thank you, Your Honor.

9           THE COURT: I thank both counsel for your candor and

10  for the depth of the analysis and arguments that you've

11  offered on this question of the discovery stay.

12          The oral application for a stay of discovery pending

13  resolution of the motion to dismiss is denied without

14  prejudice to objections to particular requests but I will tell

15  you right now that an objection that reiterates the arguments

16  that have been made here about the impropriety of a request

17  for licensing information with respect to each of the

18  identified licenses will not be successful.  So the decision

19  to let discovery proceed in the initial stages is a decision

20  that in gross confirms the court's view the propriety of the

21  type and scope of discovery that Mr. McCulloch described when

22  I asked him what his front end discovery would be.

23          So with that, I am going to depend on the parties to

24  be clear and reasonable and cooperative with each other in

25  proceeding with the early phase discovery pending an adjourned

21

1   pretrial conference to make in good faith the consultations

2   with each other including discussions of settlement as

3   contemplated and directed by my initial conference order and

4   in aid of the preparation of the joint preliminary pretrial

5   statement that is required by that initial conference order,

6   and I'm going to put this conference out to early December so

7   that that will permit some time for you all to focus on the

8   conclusion of the briefing on the motion to dismiss to have

9   discussions with each other both on the specific issues

10  identified in the initial conference order and other issues

11  related to discovery and I hope to be potential for settlement

12  here and then we'll come back and set a discovery schedule and

13  I may or may not have resolved the motion to dismiss by the

14  early December date.

15          Ms. Ing, may I have an early December initial

16  pretrial conference date?

17                    [Pause in proceedings.]

18          THE COURT: Is everybody available as far as you know

19  on December 6th at 10:30 in the morning?

20          MR. McCULLOCH: Yes, Your Honor, plaintiffs are

21  available.

22          THE COURT: Thank you.  I pressed some button on my

23  computer that made it to a weird thing.  So give me just a

24  moment.

25                    [Pause in proceedings.]

22

1        THE COURT: Thanks for your patience.  Ms. Beeber.

2        MS. BEEBER: Your Honor, I would like to ask two

3   things.  The first is that we have an opportunity to formally

4   brief the motion for stay of discovery and ask Your Honor to

5   consider those papers.  It was based just on the two letters

6   that were submitted and the few minutes that we had to talk

7   today and I think given the issues that Mr. McCulloch has

8   raised about what they're actually claiming and what they're

9   actually looking for we would like an opportunity to submit a

10  motion to stay.

11       THE COURT: I will not preclude you from doing that.

12  I leave it to your own judgment as to whether it's an

13  appropriate use of yours and your client's time and resources.

14       MS. BEEBER: Thank you.  In the meantime, I would

15  like to have it clear what discovery it is that is to proceed

16  in the meantime.  Mr. McCulloch said some things today about

17  what he's seeking and what he isn't seeking and Your Honor

18  seemed to say that yes, what he was seeking is appropriate for

19  now but in that statement it suggests that other things are

20  not appropriate right now.  The broader discovery on the

21  declaratory judgment action for instance.  So I would just

22  like Mr. McCulloch to say or for us to have a clear

23  understanding before we're off the record today of what

24  discovery can go forward in the meantime and what cannot.

25       THE COURT: Mr. McCulloch described what I understood

1  to be paper discovery concerning the documentation and usage

2  history of the licenses and the works that are described in

3  the attachments to the complaint and he undertook not to do

4  discovery in aid of the contractual right declaratory judgment

5  claim.  So I would anticipate that it would be paper discovery

6  consistent with those representations and not deposition

7  discovery and [inaudible] return.  Mr. McCulloch, is that an

8  appropriate understanding of your undertaking?

9          MR. McCULLOCH: Yes, Your Honor.  I think that we

10  would obviously serve some interrogatories just to clarify

11  what databases, et cetera would be searched and such but I

12  think they would just be our general 33(a) initial

13  interrogatories, not contention interrogatories which

14  obviously will be later.  We can agree not to proceed with the

15  depositions at this time and just focus on the paper discovery

16  and as I explained at the outset our primary concern at this

17  point would be to get the licensing history of the -- for the

18  books and photos identified in the exhibits and then the usage

19  history for all of those photos.  As we allege in the

20  complaint Wiley would get a license for Book A and then

21  reprint the pictures in Book B, C and D. So getting usage

22  history for the photos is an essential element and then the

23  damages discovery would be gross revenue, lost license fees,

24  et cetera as set forth in Section 504 of the Copyright Act.

25  That would be again limited to whatever books Wiley published

1   the plaintiff's photos in.  We would get the licensing history

2   necessary to make out lost license fees related to those books

3   and then the revenue data for those books as well.

4             I think those are the general three or four or five

5   categories of discovery that we would focus on, Your Honor.

6             THE COURT: As to the two plaintiffs who Ms. Beeber

7   said are not asserting copyright claims here, will you refrain

8   from making an inquiry as to those two plaintiffs?

9             MR. McCULLOCH: Yes, Your Honor.  Just for the

10  benefit of the court, our intention is to include copyright

11  claims for those plaintiffs in the future but they don't have

12  the necessary information in front of them to proceed.  So

13  that's why they are proceeding only in the DEC action. We're

14  trying various ways to get the information either from their

15  agents, through audits of their agents or what have you but at

16  this point we agree since there are no copyright claims for

17  those particular plaintiffs we wouldn't proceed with discovery

18  for those particular plaintiffs because they don't have any

19  copyright claims.

20            THE COURT: Thank you.

21            MR. McCULLOCH: Yes, Your Honor.

22            MS. BEEBER: Your Honor, once again I just want to

23  say that the burden on Wiley of complying with the request

24  that Mr. McCulloch has just outlined on the record is

25  considerable and I do not believe that attaching an exhibit to

1  a complaint that just lists all the images that you know were

2  licensed --

3          THE COURT: I heard you on that the first time and

4  I've made my decision.

5          MS. BEEBER: Thank you, Your Honor.

6          THE COURT: Thank you.  So I will look forward to

7  seeing you all on December 6th and to receiving the motion

8  papers.  We're adjourned.

9          THE CLERK: All rise.

10                      * * * * *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

26

1        I certify that the foregoing is a court transcript from

2   an electronic sound recording of the proceedings in the above-

3   entitled matter.

4

5                             _____

6                                      Shari Riemer

7   Dated:  September 17, 2013