# FRANKFURT KURNIT KLEIN & SELZ pc

488 Madison Avenue
New York, New York 10022
Telephone: (212) 980-0120
Facsimile: (347) 438-2114

Toby M.J. Butterfield
Direct dial: (212) 826-5567
e-mail: tbutterfield@fkks.com

February 12, 2014

**BY ECF, FAX and U.S. MAIL**

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Ellen Senisi, et al. v. John Wiley & Sons, Inc.* (No. 13-cv-3314)(LTS)(AJP)

Dear Judge Swain:

We are counsel to the defendant, John Wiley & Sons, Inc. ("Wiley") in the above-captioned action. We write to submit supplemental authority concerning Wiley's pending Motion to Dismiss Plaintiff's First Amended Complaint (the "FAC"). The Honorable Kimba M. Wood recently issued a decision in *David Young-Wolff v. The McGraw-Hill Companies,* Civ. No. 13-CV-4372(KMW)(JCF) (S.D.N.Y. Jan. 31, 2014) which is directly relevant to Defendant's pending motion. A copy of the decision is attached hereto.

In *Young-Wolff,* Judge Wood dismissed the claims before her, which are almost identical to the claims as Plaintiff alleges here, citing pleading deficiencies that apply equally to Plaintiff's FAC in this matter. Like the plaintiff in *Young-Wolff,* the Plaintiffs here have failed to adequately allege claims of copyright infringement and declaratory judgment requiring an audit of Defendant's use of Plaintiffs' photographs.

In *Young-Wolff,* the plaintiff alleged copyright infringement of photographs licensed to the Defendant publisher either directly or through a licensing agent, claiming Defendant used those photographs in excess of the terms and conditions of the license. Judge Wood dismissed Young-Wolff's copyright infringement claim, finding that the plaintiff failed to adequately allege "during what time the defendant infringed the copyright," an essential element of a copyright infringement claim. *Young-Wolff* at 9. As in this case, plaintiff Young-Wolff attached to his complaint a list of thousands of copyrighted photographs, identifying various information, such as each image's number and description, the publication titles in which the photographs appear, and the relevant licensing agent. However, the *Young-Wolff* complaint, like the FAC, did not contain a single date or reference to a time period during which the alleged infringement occurred. As a result, Judge Wood found that the *Young-Wolff* complaint failed to meet the fourth pleading requirement to state a claim of copyright infringement under the *Kelly v. L.L.*

¶ 10.  *See also Correspondent Servs. Corp. v. First Equities Corp. of Florida*, 442 F.3d 767, 769 (2d Cir. 2006) (dismissing declaratory judgment action based on state law claims where plaintiff failed satisfy elements for diversity action).

This recent *Young-Wolff* decision demonstrates that Plaintiffs have failed to adequately plead their copyright infringement claims (and in the case of Plaintiffs Hankin and the Estate of Michael Newman to plead copyright infringement at all), and that Plaintiffs' claims seeking an audit on the basis of contract language have no place in federal court.

We thank the Court for its consideration.

Respectfully submitted,

Toby M.J. Butterfield

Enclosure (via mail only)

cc:   Kevin McCulloch, Esq. (by email)
      Danial Nelson, Esq. (by email)
      Beth I. Goldman, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                 |

DAVID YOUNG-WOLFF,               |

           Plaintiff,         |

                                 |       13-CV-4372 (KMW) (JCF)

    -against-                |

THE MCGRAW-HILL COMPANIES,   |       <u>OPINION & ORDER</u>

           Defendants.     |

------------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

      Plaintiff, David Young-Wolff ("Plaintiff"), brings this action against Defendant, the

McGraw-Hill Companies (now known as "McGraw Hill Financial, Inc.") ("Defendant"),

alleging copyright infringement ("Count I") and seeking a declaratory judgment ("Count II").

Plaintiff contends that Defendant infringed Plaintiff's copyrighted photographs in texts published

by Defendant.  Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of

Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim upon which relief may be

granted and Federal Rule of Civil Procedure 12(b)(7) ("Rule 12(b)(7)") for failure to join

required parties.

      For the reasons that follow, the Court GRANTS Defendant's motion to dismiss under

Rule 12(b)(6) as to both Counts I and II, without prejudice to replead.  Because the Court

dismisses both counts on Rule 12(b)(6) grounds, it need not address the Defendant's motion to

dismiss pursuant to Rule 12(b)(7).

    I.       Background

The following summary is drawn from Plaintiff's Complaint, [Dkt. No. 1]; the facts are taken as true for purposes of Defendant's motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A.  The Parties

Plaintiff is a professional photographer and a registered copyright owner of all photographs at issue in this case.  (Compl. ¶¶ 6, 27, 28).  Defendant is a publishing company that sells and distributes textbooks, instructional technology materials, reference works, and other similar publications.  (*Id.* ¶ 7).

### B.  Defendant's Infringement of Plaintiff's Copyrighted Photographs

According to Plaintiff's Complaint, Plaintiff licensed photographs to Defendant, either directly himself or through one of Plaintiff's licensing agents, for limited use and subject to specific terms and conditions.  (*Id.* ¶ 10, 11).  In negotiating license terms, Defendant represented that it intended to use Plaintiff's photographs in publications with limited distributions or "print runs."[1]  (*Id.* ¶ 13).  Defendant further represented that if it retained copies of Plaintiff's photographs, it would do so for archival purposes only and would not publish the photographs without first obtaining permission and paying an agreed-upon license fee.  (*Id.* ¶ 16).  Plaintiff's licensing agents relied on the information provided by Defendant about intended usage to determine appropriate license fees.  (*Id.* ¶ 16).  Defendant obtained access to Plaintiff's photographs at lower licensing rates by routinely underrepresenting the use it intended to make of Plaintiff's photographs.  (*Id.* ¶ 17).

Plaintiff alleges that Defendant (1) published Plaintiff's photographs without permission; (2) reused Plaintiff's photographs in subsequent editions of titles without obtaining a valid

---

[1] A "print run" identifies and sets the maximum number of copies of a publication that may be printed under the applicable license.  (Compl. ¶ 25).

license; (3) published Plaintiff's photographs prior to obtaining a valid license; (4) exceeded

limited license agreements by (a) printing more copies of publications than was authorized, (b)

publishing Plaintiff's photographs in electronic, ancillary, or derivative publications, and foreign

publications without permission, and (c) distributing publications outside of the authorized

distribution area; and, (5) refused to provide information to Plaintiff regarding the scope of its

past, current, and ongoing use of Plaintiff's photographs (e.g., publications in which Plaintiff's

photographs appeared, publication dates, and print runs), although Defendant remains in sole

control of that information. (*Id.* ¶¶ 25, 26, 31–34, 43, 45).

Plaintiff has attached to his Complaint, as Exhibit 1, a list of the approximately 2,210

copyrighted photographs that, to Plaintiff's knowledge, are at issue in this case. The list includes

each image's number and description, publication title in which the photograph appears (for most

photographs), and licensing agent. (*Id.* Ex. 1). Plaintiff has not ascertained, however, the full

extent of Defendant's use of Plaintiff's photographs. (*Id.* ¶¶ 24, 25, 27).

II.      Discussion

     A. Rule 12(b)(6)

          1. Legal Standard

"To survive a motion to dismiss 'a complaint must contain sufficient factual matter . . .

to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where a plaintiff "ha[s]

not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must

be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "This standard 'does not

impose a *probability* requirement at the pleading stage; it simply calls for enough fact to raise a

reasonable expectation that discovery will reveal evidence of illegal [conduct].'" *Mayor & City Council of Baltimore, Md. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts alleged in a complaint as true and draw all reasonable inferences in favor of the plaintiff. *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 732 (2d Cir. 2013). By contrast, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Although a motion to dismiss is generally limited to the facts presented in the complaint, "'the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

### 2. Application

#### a. Count I: Copyright Infringement

Count I of Plaintiff's Complaint alleges a claim for copyright infringement. "A properly plead copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (Connor, J.), *aff'd sub nom.*, *Kelly v. L.L. Cool J.*, 23 F.3d 398 (2d Cir. 1994). Defendant contends that Plaintiff's allegations fail to meet the third and fourth pleading requirements. Although the Court rejects most of Defendant's arguments, it agrees with Defendant that

4

Plaintiff has failed to adequately allege "during what time the defendant infringed the copyright" and therefore fails to meet the fourth pleading requirement. The Court therefore grants Defendant's motion to dismiss Count I pursuant to Rule 12(b)(6), but without prejudice.

            i.     Registration in Accordance with Section 411(a) of the
                        Copyright Act

Defendant argues that Plaintiff has failed to plead compliance with Section 411(a) of the Copyright Act (*i.e.*, the third pleading requirement for a copyright claim). Section 411(a) states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C.A. § 411. Plaintiff's Complaint states that "Plaintiff is the registered copyright owner of the creative works identified herein and that are the subject of this action," (Compl. ¶ 27), and that "Plaintiff registered copyright in each of the photographs identified herein with the United States Copyright Office prior to initiating this action," (Compl. ¶ 28). Defendant argues that these statements are not "an allegation of ownership of issued copyright registrations" and that "[i]n light of the ambiguity of the plaintiff's allegations, the Court should require that the plaintiff plead the actual copyright registration numbers that would have been issued if the works at issue in this case actually have been registered by the Copyright Office." (Def's. Mem. of Law in Supp. 11).

The Court finds that paragraphs 27 and 28 of Plaintiff's Complaint adequately allege compliance with Section 411(a) of the Copyright Act. Several courts have held similar claims sufficient to meet the requirements of Section 411(a) and have rejected the argument, raised by Defendant here, that a plaintiff is required to plead the actual copyright registration numbers of the photographs at issue at the motion to dismiss stage. *See, e.g., Warren v. John Wiley & Sons,*

*Inc.*, 12 Civ. 5070, 2013 WL 3328224, at *4–5 (S.D.N.Y. July 2, 2013) (Oetken, J.) ("Plaintiffs

need only 'allege . . . that plaintiff owns the copyrights in those works' and 'that the copyrights

have been registered in accordance with the statute,' . . . . [I]t would be inappropriate for the

Court to require production of the relevant certificates of incorporation [sic] at this preliminary

stage of the litigation." (internal citations omitted)); *Palmer Kane LLC v. Scholastic Corp.*, 12

Civ. 3890, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013) (Griesa, J.) ("The complaint

properly alleges that the copyrights have been registered in stating that the copyrights 'that are

the subject of this action have been registered with the United States Copyright Office.' . . .

[T]he complaint is not required to . . . provide registration numbers for all of the copyrights at

issue in order to survive a motion to dismiss." (internal citation omitted)); *Bill Diodato*

*Photography LLC v. Avon Products, Inc.*, 12 Civ. 847, 2012 WL 3240428, at *8 (S.D.N.Y. Aug.

7, 2012) (Sweet, J.) ("The facts alleged in the Complaint . . . expressly state that 'Plaintiff has a

registered copyright in the creative works identified herein.' Accordingly, Plaintiff has fulfilled

the precondition of alleging that it holds a registered copyright." (internal citation omitted));

*Richard Feiner & Co., Inc. v. Larry Harmon Pictures Corp.*, 38 F. Supp. 2d 276, 279 & 279 n.2

(S.D.N.Y. 1999) (Owen, J.) ("Feiner has alleged . . . that the copyrights at issue were 'assigned

to [Feiner] and registered in the United States Copyright Office . . . These copyrights remain in

full force as and of the date of this complaint and were in effect at all times during the

complained of acts.' This specifies the copyrights involved in sufficient detail as mandated by

17 U.S.C. § 411(a).").

ii.    By What Acts, During What Time, the Defendant Infringed

the Copyright

Defendant next argues three distinct reasons that Plaintiff's allegations fail to include "by what acts during what time the defendant infringed the copyright." *Kelly*, 145 F.R.D. at 36. The Court rejects Defendant's first two contentions but agrees with its third.

First, Defendant contends that Plaintiff's allegations are insufficiently detailed to give Defendant fair notice of the claims against it. (Def's Reply Mem. 4). Plaintiff's Complaint alleges that Defendant infringed Plaintiff's copyrights in the photographs identified in Exhibit 1 in "various ways, including:

- Publishing Plaintiff's works without permission;

- Reusing Plaintiff's works in subsequent editions of titles without obtaining a valid license prior to publication;

- Publishing Plaintiff's works prior to obtaining a valid license;

- Exceeding the limitations of licenses by printing more copies of the publications than was authorized;

- Exceeding the limitations of licenses by publishing Plaintiff's works in electronic, ancillary, or derivative publications without permission;

- Exceeding the limitations of licenses by publishing Plaintiff's works in foreign editions of publications without permission;

- Exceeding the limitations of licenses by distributing publications outside the authorized distribution area; and/or

- Refusing to provide usage information to Plaintiff relating to photographs owned by Plaintiff."

(Compl ¶ 26).

These allegations, in addition to Exhibit 1, which lists for each photograph at issue an image number and description, the publication title in which the photograph appears (for most photographs), and the licensing agent, are specific enough to give Defendant fair notice of the claims against it. Other courts have found similar allegations sufficient. *See, e.g., Warren*, 2013 WL 3328224, at *5; *Schneider v. Pearson Educ., Inc.*, 12 Civ. 6392, 2013 WL 1386968, at *3 (S.D.N.Y. Apr. 5, 2013) (Oetken, J.); *Bean v. Pearson Educ., Inc.*, 11 Civ. 8030, 2011 WL 1882367, at *3–4 (D. Ariz. May 17, 2011). In considering nearly identical allegations as those in paragraph 26 of Plaintiff's Complaint, Judge Oetken of this Court found that "[t]his paragraph provides sufficient notice to [Defendant] as to how the copyrights at issue have been infringed, as [Defendant] 'may, in an abundance of caution, assume that it is being accused of violating each license in every way identified.'" *Warren*, 2013 WL 3328224, at * 5. (quoting *Pac. Stock, Inc. v. Pearson Educ., Inc.*, 11 Civ. 423, 2012 WL 93182, at *5 (D. Haw. Jan. 11, 2012)).

Defendant attempts to distinguish *Schneider* and *Warren* by pointing out that those cases involved merely 10 images and 17 images, respectively, but "[h]ere, Plaintiff's generalized allegations could not plausibly apply to more than 1,200 images." (Def's Reply Mem. of Law 4). The Court sees no reason why Plaintiff's allegations should be deemed insufficient merely because of the number of images involved. The Court in *Frerck v. Pearson Education, Inc.*, found similar allegations sufficient to make out a claim of copyright infringement in a case involving 4,000 photographs:

> Frerck's complaint alleges that he gave Pearson limited use of certain photographs (all of which are listed in Exhibit A) and that Pearson exceeded the scope of the limited licenses (or . . . used photographs without any licenses at all). The fact that Frerck alleges infringement of approximately 4,000 photographs does not make his claims any less plausible. Rather, it just as plausibly suggests that Pearson repeatedly and regularly infringed Frerck's works. The complaint properly alleges infringement of these

8

> images by alleging that Pearson used the photographs beyond license limits.

11 Civ. 5319, 2012 WL 1280771, at *2 (N.D. Ill. Apr. 16, 2012).

Second, Defendant argues that the copyright infringement count fails because Plaintiff "alleges no specific acts of infringement." (Def.'s Reply Mem. of Law 2). This is incorrect. As outlined above, the Complaint alleges at least eight specific acts of infringement. To the extent that Defendant argues that Plaintiff must allege how each particular photograph has been infringed, the Court rejects that argument. *Cf. Warren*, 2013 WL 3328224, at *5 ("[I]t is not fatal to Young–Wolff's copyright claim that the Complaint fails to specify how each particular photograph has been infringed."); *Palmer Kane*, 2013 WL 709276, at *3 ("[T]he complaint need not specify which copyright is infringed by which act."); *Frerck*, 2012 WL 1280771, at *3 (rejecting defendant's argument that plaintiff "must plead specific details as to each infringing act," because it "would impose a higher burden on copyright claims than is required under the federal rules"); *Pac. Stock, Inc.*, 2012 WL 93182, at *6 (disagreeing with defendant that plaintiff is "required to allege the precise manner in which it exceeded each license").

Third, Defendant points out that the Complaint does not "contain a single date or reference to a time period," (Def.'s Reply Mem. of Law 2), and thus fails to specify "during what time the defendant infringed the copyright," *Kelly*, 145 F.R.D. at 36. Plaintiff's Complaint therefore fails to meet the fourth pleading requirement for a claim of copyright infringement and is dismissed without prejudice. *See e.g., Palmer Kane LLC*, 2013 WL 709276, at *3; *Mahnke v. Munchkin Products, Inc.*, 99 Civ. 4684, 2001 WL 637378, at *5–6 (S.D.N.Y. June 7, 2001) (Swain, J.); *Calloway v. Marvel Entm't Grp., a Div. of Cadence Indus. Corp.*, 82 Civ. 8697, 1983 WL 1141, at *3 (S.D.N.Y. June 30, 1983) (Sweet, J.). Because this defect is curable, the Court grants Plaintiff leave to replead. *See e.g., Mahnke*, 2001 WL 637378, at *6; *Plunket v.*

9

*Doyle*, 99 Civ. 11006, 2001 WL 175252, at *6 (S.D.N.Y. Feb. 22, 2001) (Wood, J.); *DiMaggio*

*v. Int'l Sports Ltd.*, 97 Civ. 7767, 1998 WL 549690, at *3 (S.D.N.Y. Aug. 31, 1998) (Baer, J.).  If

Plaintiff chooses to replead, he must specify, to the extent that he knows or has a sufficient basis

to plead upon information and belief, the dates or periods of time in which Defendant is alleged

to have infringed Plaintiff's photographs.

b.  Count II: Declaratory Judgment

Count II of Plaintiff's Complaint requests a declaratory judgment requiring Defendant to

disclose to Plaintiff the full scope of Defendant's use of Plaintiff's photographs.  (Compl. ¶¶ 40–

51).

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its

jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations

of any interested party seeking such declaration, whether or not further relief is or could be

sought."  28 U.S.C. § 2201(a).  The Declaratory Judgment Act does not grant federal courts

subject matter jurisdiction; rather, "[i]ts operation is procedural only—to provide a form of relief

previously unavailable."  *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir.

1993).  A district court may enter a declaratory judgment in favor of a party, only if that party

asserts an independent basis for jurisdiction.  *Albradco, Inc. v. Bevona*, 982 F.2d 82, 85 (2d Cir.

1992); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950).  Here,

Plaintiff argues that he is entitled to an audit under (1) the Copyright Act, (*see* Pl's Mem. of Law

in Opp. 22–24); and (2) the licenses granted to Defendant by Plaintiff's agents, (*see* Pl's Mem. of

Law in Opp. 24–25).

i.  Statutory Right to an Audit Under the Copyright Act[2]

---

[2] The Court has original jurisdiction over claims relating to the Copyright Act, *see* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights

First, Plaintiff argues that the Copyright Act entitles him to an audit because, in addition to the rights enumerated in the Copyright Act,[3] "courts consistently have recognized that other protections are 'inherent in the grant of a copyright' where they are necessary to give meaning to enumerated rights." (Pl's Mem. of Law in Opp. 22). "Because Plaintiff's ability to know and track the uses being made of his photos is crucial to his ability to effectively exercise control over the licensing and copying of his works, access to usage information is an inherent aspect of copyright ownership . . . " (*Id.*).

The Court is not persuaded by Plaintiff's argument. Plaintiff points to neither case law nor language in the Copyright Acting indicating that a copyright owner has an inherent right to sue a licensee for an audit.[4] The Court agrees with Defendant that "none of the 'rights' enumerated in [the Copyright] Act involve an entitlement to information from a third party"; nor can such an entitlement be "located within the 'penumbra' of [the] . . . copyright rights." (Def.'s Mem. of Law in Supp. 14 (internal citation omitted)). Judge Daniels of this Court recently considered and dismissed an identical claim in a similar case, explaining that:

> I know of no case law or language in the Copyright Act that would give a copyright owner the right to sue a third-party licensee for declaratory judgment to obtain an audit. An audit is a contractual

---

and trademarks."), and therefore has an independent basis for jurisdiction over Plaintiff's declaratory judgment claim under the Copyright Act.

[3] The six "exclusive rights" granted to copyright owners by the Copyright Act are "(1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission." 17 U.S.C. § 106.

[4] The only case Plaintiff cites is *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.* in which the court found that because reproduction and distribution of copyrighted works are "exclusive rights of copyright holders," the right to exclude others from doing so "is inherent in the grant of a copyright." 454 F. Supp. 2d 966, 997 (C.D. Cal. 2006) (quotation marks omitted). This case does not support Plaintiff's position because Plaintiff points to no comparable language in the Copyright Act from which it can be inferred that a copyright holder has an inherent right to sue a licensee for an audit.

> right; it is not a copyright right. The Copyright Act does not
> specify that everyone who owns a copyright has the right to audit a
> licensee's use of the copyright. . . . A declaratory judgment for an
> audit is not specified or inherent in copyright ownership. . . . [T]he
> Copyright Act intends that if that's the way the parties want to
> proceed, and that's the way the plaintiff wishes to protect the
> licensing of the copyright, then the plaintiff should agree to such in
> a contract.

(Tr. of Hearing in *Senisi v. Houghton Mifflin Harcourt Pub'g Co.* 47–50, 13 Civ. 2891 [Dkt. No.

17-2]).

The Court therefore dismisses, with prejudice, Plaintiff's claim for a declaratory

judgment premised on a right to an audit under the Copyright Act. *See Cortec Indus., Inc. v.*

*Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir. 1991) ("[W]here a defect in the complaint cannot be

cured by amendment, it would be futile to grant leave to amend.").

        ii.    Contractual Right to an Audit Under Licensing Agreements

Second, Plaintiff argues that "[e]ach license issued by his agents included an express

audit right and thus, as the Complaint alleges, Defendant's refusing to provide such information

violates Plaintiff's rights thereunder." (Pl's Mem. of Law in Opp. 24); (*see also* Compl. ¶ 46

("Defendant's refusal to disclose the full scope of its use of any of Plaintiff's works violates

Plaintiff's rights under applicable license agreements.")). Plaintiff further argues that as an

intended beneficiary of the licenses he is entitled to pursue claims, including the right to an audit,

arising under the licenses. As an example, Plaintiff provides the Court with a copy of the

standard terms and conditions that apply to his photographs licensed through Getty Images ("The

Getty Terms"). The Getty Terms provide that, "upon reasonable notice, Getty Images may . . .

audit Licensee's records directly related to this Agreement and use of Licensed Material in order

to verify compliance with the terms of this Agreement." (McCulloch Decl. Ex. 3, 11.2).

Because the Declaratory Judgment Act does not grant this Court subject matter jurisdiction, in order to adjudicate this claim, the Court must have an independent basis for jurisdiction, which Plaintiff has not adequately alleged. *See In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d at 731. Plaintiff's right to an audit under applicable licenses is a state law contract claim. *Cf. eScholar, LLC v. Otis Educ. Sys., Inc.*, 37 F. Supp. 2d 329, 333 (S.D.N.Y. 2005) (Robinson, J.) (finding that Plaintiff's breach of contract claim, "to the extent it seeks to enforce contractual rights to audit books and receive royalty fees," is a state law cause of action that is not preempted by the Copyright Act). Therefore, the Court must either have diversity jurisdiction or supplemental jurisdiction over the claim. Plaintiff's Complaint does not allege the requirements of diversity jurisdiction. And, having dismissed Plaintiff's copyright infringement claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's claim for a declaratory judgment. *See* 28 U.S.C. § 1367(c) (district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"); *see also Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006) ("[W]here . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

The Court therefore dismisses Plaintiff's declaratory judgment claim premised on a contractual right to an audit for lack of subject matter jurisdiction. This claim is dismissed without prejudice and the Court grants Plaintiff leave to replead.

III.   Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss under Rule 12(b)(6) as to both Counts I and II.   Because the Court dismisses both claims under Rule 12(b)(6), it need not address Defendant's motion to dismiss pursuant to Rule 12(b)(7).[5]

The Court grants Plaintiff thirty (30) days to replead Count I and Count II's claim for a declaratory judgment premised on a contractual right to an audit.

SO ORDERED.

Dated: New York, New York
       January 31, 2014

/s/_____
Kimba M. Wood
United States District Judge

---

[5] Although the Court is not ruling upon Defendant's Rule 12(b)(7) motion, which asserts that McGraw-Hill Global Education Holdings, LLC ("MHGEH") and McGraw-Hill School Education Holdings, LLC ("MHSEH") are required parties, the Court sees no reason why MHGEH and MHSEH should not be joined as Defendants when (1) these companies are the only companies that can grant Plaintiff the full relief he seeks, (Compl. Prayer for Relief ¶ 1); (*see also* Bennett Decl. ¶ 4 [Dkt. No 11]), (Stafford Decl. ¶ 4 [Dkt. No 10])); (2) both MHGEH and MHSEH consent to be joined as Defendants, (*see* Stafford Decl. ¶ 6); and (3) joining MHGEH and MHSEH would not destroy this Court's subject matter jurisdiction.