```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X
ELLEN SENISI,                                    :
                                                 :
                        Plaintiff,               :   Case No: 1:13-cv-3314 (LTS)(AJP)
                                                 :
            v.                                   :
                                                 :
JOHN WILEY & SONS, INC.,                         :
                                                 :
                        Defendant.               :
                                                 :
                                                 :
                                                 :
------------------------------------------------ X
```

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT IN PART, AND TO STAY REMAINING CLAIMS

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal
Toby M.J. Butterfield
Anna Kadyshevich
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Defendant John Wiley & Sons, Inc.*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 1

    I.    Plaintiff's Invoices Contain A Binding Arbitration Clause ................................... 1

        A.    This Court Need Only Decide Whether the Arbitration Clause Included in Plaintiff's Invoices Is Valid ..................................................... 2

        B.    The Validity of the Arbitration Clause Is Immaterial To The Other Provisions ............................................................................................. 3

        C.    Neither Party Has Waived Its Right To Arbitrate ...................................... 3

        D.    Plaintiff Has Not Demonstrated That Arbitration Is Unconscionable ........................................................................................ 5

            1.    Plaintiff Cannot Demonstrate That the Arbitration Clause Is Unconscionable .................................................................................. 5

            2.    Plaintiff's Novel Claim That Requiring Her To Arbitrate Would Be Unconscionable Is Wholly Unsupported ....................... 6

        E.    There Is No Basis For Plaintiff's Suggestion That Congress Intended To Bar Arbitration of Copyright Claims ................................... 7

        F.    No Evidentiary Hearing Is Required .......................................................... 7

        G.    Wiley Is Not Required To Initiate Arbitration Or Assume Responsibility For Costs ............................................................................ 8

    II.    The Remaining Claims Should Be Dismissed Or Stayed ..................................... 9

    III.    Wiley Is Entitled To Its Costs And Fees On This Motion .................................. 10

CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brennan v. Bally Total Fitness*,
  198 F. Supp. 2d 377 (S.D.N.Y. 2002) ................................................................................. 5, 6

*Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*,
  346 F.3d 360 (2d Cir. 2003) ..................................................................................................5

*Cole v. Houghton Mifflin Harcourt Publishing Company*,
  No. 10 Civ. 9502, Dkt. No. 12 (unpublished Order, dated Mar. 17) .................................. 10

*Cole v. Pearson Educ., Inc.*,
  No. 10 Civ. 7523, 2011 WL 4483760 (S.D.N.Y. Sept. 28, 2011) ....................................... 10

*Cole v. Wiley*,
  No. 11-cv-2090, 2012 WL 3133520 (S.D.N.Y. 2012) ....................................................... 10

*Dassero v. Edwards*,
  190 F. Supp. 2d 544 (W.D.N.Y. 2002) ..................................................................................2

*Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*,
  191 F.3d 198 (2d Cir. 1999) *cert denied* 191 F.3d 198 (2001) ..............................................6

*Duane St. Associates v. Local 32B-32J*,
  No. 00-cv-3861, 2000 WL 802889 (S.D.N.Y. June 21, 2000) ..............................................3

*Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*,
  815 F.2d 840 (2d Cir. 1987) ............................................................................................... 10

*Gill v. World Inspection Network Int'l, Inc.*,
  No. 06-cv-3187, 2006 WL 2166821 (E.D.N.Y. July 31, 2006) .............................................6

*Gravagna v. Terminix Int'l, Inc.*,
  No. 08-cv-5448, 2008 WL 2765336 (S.D.N.Y. July 9, 2008) ...............................................5

*Green Tree Fin. Corp.-Ala. v. Randolph*,
  531 U.S. 79 (2000) .............................................................................................................6, 7

*Howard v. Anderson*,
  36 F. Supp. 2d 183 (S.D.N.Y. 1999) .....................................................................................9

*Jung v. Skadden, Arps, Slate, Meagher & Flom, LLP*,
  434 F. Supp. 2d 211 (S.D.N.Y. 2006) ...................................................................................3

*Kamakazi Music Corp. v. Robbins Music Corp.*,
   684 F.2d 228 (2d Cir. 1982) ........................................................................................ 7

*Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*,
   67 F.3d 20 (2d Cir. 1995) ............................................................................................ 3

*McAllister Bros., Inc. v. A & S Transp. Co.*,
   621 F.2d 519 (2d Cir.1980) ........................................................................................ 8

*McMahan Securities Co. L.P. v. Forum Capital Mkts. L.P.*,
   35 F.3d 82 (2d Cir. 1994) ............................................................................................ 7

*Nayal v. HIP Network Servs. IPA, Inc.*,
   620 F. Supp. 2d 566 (S.D.N.Y. 2009) ........................................................................ 6

*Pacs Indus., Inc. v. Cutler-Hammer, Inc.*,
   103 F. Supp. 2d 570 (E.D.N.Y. 2000) ........................................................................ 8

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
   388 U.S. 395 (1967) .................................................................................................... 2

*Rent-A-Ctr., W., Inc. v. Jackson*,
   561 U.S. 63 (2010) ...................................................................................................... 2

*Revson v. Cinque & Cinque, P.C.*,
   221 F.3d 59 (2d Cir. 2000) .......................................................................................... 9

*Sinnett v. Friendly Ice Cream Corp.*,
   319 F. Supp. 2d 439 (S.D.N.Y. 2004) ........................................................................ 7

*Solieri v. Ferrovie Dello Stato Spa*,
   No. 97-cv-8844, 1998 WL 419013 (S.D.N.Y. July 23, 1998) .................................... 8

*Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc.*,
   754 F.2d 457 (2d Cir. 1985) *cert denied* 754 F.2d 457 (1985) .................................. 3

*Thyssen, Inc. v. Calypso Shipping Corp.*,
   310 F.3d 102 (2d Cir. 2002) *cert denied* 310 F.3d 102 (2003) .................................. 3

*U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*,
   16 F. Supp. 2d 326 (S.D.N.Y. 1998), *opinion withdrawn in part, modified in
   part*, 182 F.R.D. 97 (S.D.N.Y. 1998) *aff'd*, 241 F.3d 135 (2d Cir. 2001) ................ 8

**Statutes**

9 U.S.C. § 4 ................................................................................................................ 2, 7, 8

Copyright Act ................................................................................................................... 7

## PRELIMINARY STATEMENT

The issues on this motion are simple, and the Court should not be distracted by Plaintiff's counsel's 23-page diatribe against Wiley. Many of the invoices on which Plaintiff bases her claims include an identical, straightforward arbitration clause. Nothing in Plaintiff's brief changes this: not the list of claims that her counsel (and one other law firm) have brought against Wiley and not the purported findings in cases involving other photographs created by other photographers published in other books by other divisions of Wiley.

Plaintiff and her counsel do not seem to understand that the claims in this case must be resolved on their own merits or that Plaintiff's decision to include an arbitration clause in her invoices is binding. Inclusion of pages of attacks pulled off of counsel's word processor from other complaints and other briefs do not change the simple fact that Plaintiff chose arbitration. She and her counsel must now abide by the consequences of that choice.

## ARGUMENT

### I. Plaintiff's Invoices Contain A Binding Arbitration Clause

Plaintiff does not appear to dispute that the arbitration clause is binding or that it covers the current dispute. While Plaintiff begins her opposition brief ("Opp. Br.") with a section setting forth standards for invalidating an arbitration agreement, that section does not further any legal argument. Instead, what follows is a mish mash of arguments ranging from a complete misstatement of the Court's role in the process once arbitration is compelled, to a totally disingenuous argument that Wiley waived its right to compel arbitration, to the truly remarkable argument that it would be "unconscionable" for the Court to enforce the arbitration clause that Plaintiff herself chose to include in her invoices. For the reasons set forth below, none of these arguments are sufficient to change the undeniable fact that Plaintiff's claims are subject to arbitration.

1

### A. This Court Need Only Decide Whether the Arbitration Clause Included in Plaintiff's Invoices Is Valid

Plaintiff claims that "the FAA [Federal Arbitration Act] requires that this Court determine whether the parties reached a binding and valid agreement." Opp. Br. at 13. While Plaintiff again is obscure about whether she contends there is no binding agreement with Wiley, Plaintiff misstates the FAA, which requires that the Court determine the validity *of the arbitration clause,* but not *of the agreement itself.* See *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403 (1967) (citing 9 U.S.C. § 4) ("Under s 4... the federal court is instructed to order arbitration to proceed once it is satisfied that 'the making of the agreement for arbitration or the failure to comply (with the arbitration agreement) is not in issue.'"). Indeed, this Court's analysis is specifically limited to the validity of the arbitration clause, and not the broader agreement. See *Dassero v. Edwards*, 190 F. Supp. 2d 544, 552 (W.D.N.Y. 2002) (holding that, under Section 4 of the FAA, a court "may decide only issues relating to the making and performance of the arbitration clause itself as opposed to the validity and enforceability of the encompassing agreement under dispute").

Courts frequently require arbitration irrespective of the validity of other provisions in an agreement, or of the agreement as a whole. See *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) ("[A] a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate").[1] Here, the arbitration clause is included in the very invoices on which Plaintiff bases her claims. See Declaration of Toby M.J. Butterfield, dated August 4, 2014, Dkt. No. 52 ("August 4 Butterfield Decl."), Ex. A. It is beyond dispute that the arbitration clause included in the invoices are valid.

---

[1] In any case, such questions of validity would be for the arbitrator and not this Court to decide. *Prima Paint*, 388 U.S. at 409 ("[A]llegations that go to the validity of the contract in general, as opposed to the arbitration clause in particular, are to be decided by the arbitrator, not the court").

2

B.   **The Validity of the Arbitration Clause Is Immaterial To The Other Provisions**

Plaintiff next requests that even if the Court finds that the arbitration clause governs, it should interpret the invoices and grant her further procedural relief. Opp. Br. at 13. That request is wholly inappropriate. Once this Court has found that an arbitration clause is binding, its work is done, and interpretation of the remaining provisions must be left for the arbitrator. *See Duane St. Associates v. Local 32B-32J*, No. 00-cv-3861, 2000 WL 802889, at *2 (S.D.N.Y. June 21, 2000) ("Answering [the question of whether the entire contract had terminated] would require the Court to interpret the terms of the agreement, a task expressly delegated to the arbitrator in the arbitration clause."). Accordingly, Plaintiff's request that Wiley be estopped from challenging the primacy of Plaintiff's invoices to this dispute or the validity of other provisions is without any legal basis.

C.   **Neither Party Has Waived Its Right To Arbitrate**

Plaintiff next asserts that Wiley waived its right to arbitration by its alleged delay in bringing this motion. The law is very clear that "any doubts concerning whether there has been a waiver [must be] resolved in favor of arbitration." *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 25 (2d Cir. 1995). Moreover, waiver is found only where Plaintiff can demonstrate substantive prejudice. *Thyssen, Inc. v. Calypso Shipping Corp.*, 310 F.3d 102, 105 (2d Cir. 2002) *cert denied* 310 F.3d 102 (2003).[2]

Here, any delay was caused by Plaintiff, not Wiley, and she cannot show any prejudice whatsoever. As the Court his aware, her initial complaint sought declaratory relief regarding *all*

---

[2] *See Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc.*, 754 F.2d 457, 466 (2d Cir. 1985) *cert denied* 754 F.2d 457 (1985) (finding no waiver where defendant filed a motion to dismiss, answered the complaint and pursued discovery in court proceedings for two years); *Jung v. Skadden, Arps, Slate, Meagher & Flom, LLP*, 434 F. Supp. 2d 211, 215 (S.D.N.Y. 2006) (finding no waiver even though defendant waited to assert arbitration until after its motion to dismiss was denied).

uses of *any* of Plaintiff's photographs, relief to which this Court ruled she was not entitled, and was improperly joined with claims by several other photographers. More recently, she amended her Complaint to add entirely new claims based upon different photographs and invoices. And Plaintiff has refused to provide copies of all relevant invoices, despite Wiley's requests dating as far back as September 10, 2013. Declaration of Toby M.J. Butterfield, dated October 3, 2014 ("Butterfield Decl.") ¶¶ 2-3, Exs. A, B. As soon as Plaintiff identified her claims and/or produced the relevant invoices, Wiley timely made the instant motion based on their terms.[3]

Plaintiff also suggests that Wiley has waived its right to arbitrate because "the current schedule is more than half over" and the parties have engaged in discovery. Opp. Br. at 14. This delay too is attributable to Plaintiff: in what now appears to be a calculated move, Plaintiff's counsel requested a lengthy extension of its time to oppose this motion, while simultaneously insisting on broad and immediate discovery. Butterfield Decl. ¶¶ 6-7, Ex. B. Plaintiff's delaying tactics cannot override Wiley's right to arbitrate, and the discovery which Senisi insisted on conducting immediately herein may be used in the arbitration.

Finally, Plaintiff cannot point to any prejudice that she will suffer if she is required to abide by the arbitration clause she included in her invoices. She could have pursued this dispute in arbitration. She could have brought all of her claims at the outset of the case. She could have provided the requested documentation supporting her claim, including relevant information showing copyright infringement, when Wiley requested. And she could have limited her initial

---

[3] Plaintiff's argument also ignores the fact that she delayed for months before producing copies of her invoices containing the arbitration clauses, and has still failed to produce relevant master agreements between Senisi and ImageWorks, which may contain arbitration clauses. Butterfield Decl. ¶¶ 3, 5, 8-9, Ex. A. This failure is especially troubling as Plaintiff has recently been admonished by Magistrate Judge Peck for failure to produce relevant documents in this action. *See* Butterfield Decl. ¶ 10, Ex. D at 6:12-7:6 (requiring Plaintiff's counsel to turn over Copyright registrations and proof of deposit materials under pain of sanctions).

4

claims to those cognizable under the copyright law, instead of forcing Wiley to move to dismiss her baseless claim that she had some sort of an audit right against Wiley. *See Gravagna v. Terminix Int'l, Inc.*, No. 08-cv-5448, 2008 WL 2765336, at *2 (S.D.N.Y. July 9, 2008) (finding no prejudice requiring waiver where plaintiff litigated despite arbitration agreement because "[i]f she forgot or failed to advise her counsel about [the arbitration agreement], she has only herself to blame").

### D. Plaintiff Has Not Demonstrated That Arbitration Is Unconscionable

As Plaintiff cannot deny that a binding agreement to arbitrate exists, she instead makes the unsupportable argument that it would be unconscionable to require her to abide by the clause she drafted.

#### 1. Plaintiff Cannot Demonstrate That the Arbitration Clause Is Unconscionable

New York law governs the analysis as to whether the arbitration clauses are unconscionable under the FAA. *See Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 365 (2d Cir. 2003) ("[Q]uestions of contractual validity relating to the unconscionability of the underlying arbitration agreement must be resolved first, *as a matter of state law*, before compelling arbitration pursuant to the FAA.") (emphasis added). "In New York, unconscionability generally requires *both* procedural and substantive elements." *Brennan v. Bally Total Fitness*, 198 F. Supp. 2d 377, 382 (S.D.N.Y. 2002) (emphasis added).

Procedural unconscionability is present where "a party lacked 'a meaningful choice' in deciding whether to sign the contract." *Id.* (internal citations omitted). Plaintiff admits that she drafted the language including the arbitration clause on the advice of "a trade group." Opp. Br. at 18. Moreover, she chose to permit the licensing of her photographs, including to Wiley.

Plainly, she cannot claim that she lacked a meaningful choice as to whether to enter into an agreement or to agree to the arbitration clause.

Nor can Plaintiff demonstrate substantive unconscionability. "A contract is substantively unconscionable where its terms are unreasonably favorable to the party against whom unconscionability is claimed." *Brennan*, 198 F. Supp. 2d at 382. The Second Circuit has regularly held that arbitration provisions that bind both parties are not unconscionable. *See, e.g., Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 207 (2d Cir. 1999) *cert denied* 191 F.3d 198 (2001); *see also Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 572 (S.D.N.Y. 2009) (internal citations omitted) ("It is beyond dispute that, under New York law, '[a]rbitration agreements are enforceable despite an inequality in bargaining power.'").

### 2. Plaintiff's Novel Claim That Requiring Her To Arbitrate Would Be Unconscionable Is Wholly Unsupported

Plaintiff is trying to claim that it would be prohibitively expensive, and therefore unconscionable, to require her to arbitrate her claims irrespective of the validity of the arbitration clause. Plaintiff admits that she finds no support for this novel position in case law. Opp. Br. at 15 (*citing Green Tree* and *Large*). Indeed, *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79 (2000) is directly on point in holding that an "[arbitration] agreement's silence on the subject" of who would pay fees and costs "is plainly insufficient to render it unenforceable." *Id.* at 81. The AAA Fee Schedule (Exhibit 3 to the Declaration of Kevin P. McCulloch, dated September 22, 2014) provides no support for the argument that arbitration would be prohibitively expensive *in this case*, and is just the sort of conclusory assertion of expense that courts in this Circuit have repeatedly rejected. *See Gill v. World Inspection Network Int'l, Inc.*, No. 06-cv-3187, 2006 WL 2166821, at *6 (E.D.N.Y. July 31, 2006) ("Mere conclusory assertions that costs associated with arbitration would be excessive do not alone render an arbitration agreement unenforceable.").

### E. There Is No Basis For Plaintiff's Suggestion That Congress Intended To Bar Arbitration of Copyright Claims

There also is no merit to Plaintiff's argument that Congress intended to prohibit arbitration of *all* copyright claims. Under *Green Tree*, cited by Plaintiff to support her argument (Opp. Br. at 15), "the party seeking to avoid arbitration bears the burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue." *Id.* at 91-92. Plaintiff points to no affirmative expression by Congress that copyright claims should not be heard in arbitration. Rather, she asserts only that "*the Copyright Office and professional trade associations* alike have noted their concern that copyright owners may not be able to effectively vindicate their rights under the Copyright Act due to the significant costs involved in *federal litigation*." Opp. Br. at 16 (emphasis added). From this, she asks the Court to assume that Congress has similar concerns regarding arbitration. This sort of speculation does not satisfy Plaintiff's burden. *See Sinnett v. Friendly Ice Cream Corp.*, 319 F. Supp. 2d 439, 445 (S.D.N.Y. 2004) (requiring arbitration where plaintiff "has not directed this Court to any case law that would support his position that Congress intended for FLSA claims to be non-arbitrable"). In any case, the Second Circuit has specifically held that arbitration is appropriate for copyright claims. *McMahan Securities Co. L.P. v. Forum Capital Mkts. L.P.*, 35 F.3d 82, 89 (2d Cir. 1994) ("While it is unclear from the current record whether the validity of plaintiffs' copyright will be at issue in this dispute, we find no bar to arbitrating plaintiffs' copyright claim..."); *Kamakazi Music Corp. v. Robbins Music Corp.*, 684 F.2d 228, 231 (2d Cir. 1982) ("[W]e see no public policy against arbitration of this claim for the infringement of a valid copyright.").

### F. No Evidentiary Hearing Is Required

There is no basis whatsoever for Plaintiff's contention that an evidentiary hearing is required under Section 4 of the FAA, a provision that calls for a hearing only where there are

material *factual* issues in dispute. *See U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 16 F. Supp. 2d 326, 340 n.12 (S.D.N.Y. 1998), *opinion withdrawn in part, modified in part*, 182 F.R.D. 97 (S.D.N.Y. 1998) *aff'd*, 241 F.3d 135 (2d Cir. 2001) *and aff'd*, 241 F.3d 135 (2d Cir. 2001) ("While Section 4 of the FAA directs the court to conduct an evidentiary hearing where the existence of an arbitration agreement is in dispute, *see McAllister Bros., Inc. v. A & S Transp. Co.*, 621 F.2d 519, 522 (2d Cir.1980), no such hearing is required here because the parties agree to the material facts at issue."). Plaintiff does not identify any disputed issues of fact, but asserts only that the arbitration clause is unconscionable. Opp. Br. at 17-18. Unconscionability is a legal issue and does not require an evidentiary hearing. *See Pacs Indus., Inc. v. Cutler-Hammer, Inc.*, 103 F. Supp. 2d 570, 573 (E.D.N.Y. 2000) (internal citations omitted) ("Whether a provision is unconscionable presents an issue of law for the court.") Yet again, Plaintiff's counsel seeks to complicate and delay the resolution of her case by grasping for relief to which she is simply not entitled.

### G. Wiley Is Not Required To Initiate Arbitration Or Assume Responsibility For Costs

In a final salvo, Plaintiff makes much of the fact that Wiley has not yet filed a demand for arbitration. Opp. Br. at 18-19. However, "in this Circuit, a party may move to compel arbitration under 9 U.S.C. § 4 without filing a demand for arbitration if the other party has sued on claims which are arbitrable." *Solieri v. Ferrovie Dello Stato Spa*, No. 97-cv-8844, 1998 WL 419013, at *4 (S.D.N.Y. July 23, 1998). Very clearly, Wiley has no objection to arbitration.

Plaintiff also argues that Wiley should be required to pay the costs of arbitration. Indeed, she makes the rather remarkable assertion that "the Court cannot refer these claims to arbitration unless it compels Wiley to pay the costs associated with the arbitration" (Opp. Br. at 10), while later hedging her bets by contending that this Court should use its equitable powers to require

Wiley to pay such costs (Opp. Br. at 18). Plaintiff's insistence that Wiley pay the costs of arbitration – largely a rehashing of her argument that requiring Senisi to arbitrate would be unconscionable – is unsupported by the case law cited. *See* Opp. Br. at 18 (citing *Howard v. Anderson*, 36 F. Supp. 2d 183, 187 (S.D.N.Y. 1999)). What *Howard* holds is that an arbitration *clause* may not impose inappropriate financial burdens on a party. *See id.* at 185 ("Thus, some courts have held that arbitration agreements cannot impose steep filing fees…or shift fees so that plaintiffs are required to pay part of the arbitrator's compensation…") (internal citations omitted). Indeed, even in *Howard*, the Court left apportionment of costs to the arbitrator. *See id.* at 187. In any case, had Plaintiff desired this sort of protection, she could have included an operative provision in her invoices. Her failure to do so must be construed against her. *See Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 67 (2d Cir. 2000) ("Under New York law, equivocal contract provisions are generally to be construed against the drafter").

## II. The Remaining Claims Should Be Dismissed Or Stayed

Curiously, Plaintiff argues that Wiley's motion to dismiss or stay should not be granted for the few direct invoices with Senisi that Wiley has been unable to locate. Opp. Br. at 19. Despite Wiley's repeated earlier requests, Plaintiff produced these invoices only <u>after</u> Wiley's opening brief was filed. Butterfield Decl. ¶ 8. As expected, the invoice for the "PowerPoint presentation" of "Child Psychology, 5e," included the very same arbitration clause as the other invoices. Butterfield Decl. Ex. C. Plaintiff produced invoice No. ST058, for "Abnormal Psychology 10e" without the terms and conditions on the reverse side. *Id.* However, this Invoice contains the exact same language as appears on the front of every other invoice indicating that it is subject to certain "terms and conditions" on the reverse side. These terms

undoubtedly contain Senisi's standard arbitration clause, and these same photographs were licensed for a subsequent edition with the same arbitration clause. Def.'s Br. at 7.

In addition, Plaintiff argues that this Court should not stay the remaining claims because Wiley has not yet put forward evidence that there is an arbitration clause governing the remaining claims. Opp. Br. at 21. However, this argument misunderstands the proper standard for a stay. Where a "court concludes that some, but not all, of the claims in the case are arbitrable, it *must* then determine whether to stay the balance of the proceedings pending arbitration." *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 844 (2d Cir. 1987) (emphasis added). This stay is discretionary, and requires only common issues at between the arbitration and litigation. *Id.* For the reasons stated in Wiley's opening brief, the remaining claims by Plaintiff should be stayed until the conclusion of arbitration.

### III. Wiley Is Entitled To Its Costs And Fees On This Motion

Plaintiff notes that Wiley has previously prevailed on similar motions, but has never been awarded costs and fees. Opp. Br. at 22. This is unsurprising, as Wiley did not request costs and fees in *Cole v. Wiley*, No. 11-cv-2090, 2012 WL 3133520 (S.D.N.Y. 2012). Indeed, at the time that Wiley prevailed on these very same issues in *Cole*, it was unaware that Plaintiff's counsel would make a habit of bringing suit in federal court on claims clearly governed by arbitration clauses[4] – and refusing to abide by those provisions when they come to light. As Plaintiff's counsel has forced Wiley to once again make this motion rather than voluntarily withdrawing her arbitrable claims, Wiley should be granted its costs and fees of this wholly unnecessary motion.

---

[4] *See Cole v. John Wiley & Sons, Inc.*, No. 11-cv-2090 (DF), 2012 WL 3133520, at *18 (S.D.N.Y. Aug. 1, 2012); *Cole v. Pearson Educ., Inc.*, No. 10 Civ. 7523, 2011 WL 4483760 (S.D.N.Y. Sept. 28, 2011); *Cole v. Houghton Mifflin Harcourt Publishing Company*, No. 10 Civ. 9502, Dkt. No. 12 (unpublished Order, dated Mar. 17, 2011)).

**CONCLUSION**

For the reasons set forth above, all of the claims identified in Exhibit B to the August 4 Butterfield Decl., must be dismissed in favor of arbitration, and Plaintiff's remaining claims should be stayed.

Dated: October 3, 2014
       New York, New York

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
Edward H. Rosenthal
Toby M.J. Butterfield
Anna Kadyshevich

488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175
erosenthal@fkks.com
*Attorneys for John Wiley & Sons, Inc.*