# Frankfurt Kurnit Klein + Selz PC

**Toby Butterfield**

488 Madison Avenue, New York, New York 10022

T (212) 826 5567    F (347) 438 2135

tbutterfield@fkks.com

October 27, 2014

**BY ECF and Facsimile**
Honorable Andrew J. Peck
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 20D
New York, New York 10007-1312

    Re: *Senisi v. John Wiley & Sons, Inc.*, No. 13-cv-3314 (LTS)(AJP)

Dear Judge Peck:

  We write on behalf of defendant John Wiley & Sons, Inc. ("Wiley") in anticipation of the conference scheduled by the Court for Tuesday, October 28.

### Wiley's "Redactions"

  As mentioned in our October 23rd letter to the Court, Wiley intended to respond directly to Plaintiff's counsel regarding Ms. Senisi's demands for production of unredacted attachments to settlement agreements. Those attachments include information about unrelated photographers and other photographs used in other Wiley publications not in issue in this action. At the last discovery conference, Your Honor directed the parties to confer to discuss the production of such documents, *see* Sept. 22 Tr. at 23:14-16, Dkt. #80, and suggested that Wiley may be permitted to anonymize information concerning the identity of such other photographers (*id.* at 23:6-7). We had hoped to resolve that issue with Plaintiff's counsel, but he wrote to you first. We will be happy to explain at Tuesday's conference how we propose to produce the information Plaintiff seeks, and to explain why we are concerned about opposing counsel's likely use of such attachments if they are produced in a form that includes identifying information about hundreds of photographers who have nothing to do with this case.

### Plaintiff Failed to Produce Her Communications with Third Parties

  As noted in our October 23rd letter, today we are sending opposing counsel a letter addressing all of the outstanding discovery disputes. We hope to be able to resolve most or all of these without further burdening the Court. Nevertheless, two important discovery issues are ripe to raise at tomorrow's conference. First, Plaintiff's counsel has refused to produce *any* of Ms. Senisi's own communications about the claims and photographs herein (other than two emails that a Wiley employee sent *to* Ms. Senisi).

Hon. Andrew J. Peck
October 27, 2014
Page 2

Ms. Senisi's communications with her licensing agent, The Image Works, as well as with *any* third party, concerning the photographs and claims at issue in this litigation are particularly relevant because they are essential to Wiley's defense of this action. For example, such communications may reveal when she learned of her alleged claims against Wiley for purposes of Wiley's statute of limitation defense. Plaintiff's counsel, however, refused to produce documents responsive to these requests, responding, "We don't agree that 'all communications' regarding these photos are relevant or subject to discovery," despite failing to produce a single such communication.[1] With respect to communications between Ms. Senisi and third parties, counsel responded that, "I believe that we have produced all communications regarding Wiley (if any) and we are not aware of any communications specifically regarding her claims in this action." It defies credibility that Ms. Senisi did not communicate with any third party regarding Wiley, the many photographs in issue, or her claims in this matter before suing.

### Plaintiff's Counsel Refuses to Disclose Plaintiff's ESI Protocols

Similarly, Plaintiff's counsel has ignored Wiley's request that he identify what ESI protocols (if any) were used in connection with her production (while demanding Wiley's own ESI protocols, which Wiley readily provided). Plaintiff should have conducted ESI searches in the case. Given her failure to produce responsive documents, her ESI protocols for her third party communications (discussed above) are particular necessary.

### Conclusion

Wiley respectfully requests that the Court order that Ms. Senisi's counsel search for and produce all responsive communications between Ms. Senisi and The Image Works and all other communications with third parties concerning the photographs at issue, Wiley, and her claims. Wiley respectfully requests that the Court order Plaintiff to produce her ESI protocols used in connection with her entire production. While Wiley may need to address other deficiencies with Ms. Senisi's production with the Court, we will wait to do so after receiving her counsel's response to our letter on those issues. We thank the Court for its consideration.

Respectfully submitted,

Toby Butterfield

cc:   Kevin McCulloch, Esq. (via email - kmcculloch@nelsonmcculloch.com)
      Danial Nelson, Esq. (via email – dnelson@nelsonmcculloch.com)

---

[1] Ms. Senisi only produced two communications with The Image Works: two emails between her counsel and The Image Works from 2012.