# Frankfurt Kurnit Klein + Selz PC

**Toby Butterfield**

488 Madison Avenue, New York, New York 10022

T (212) 826 5567    F (347) 438 2135

tbutterfield@fkks.com

December 18, 2014

**BY ECF and Facsimile**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Ellen Senisi v. John Wiley & Sons, Inc.* (No. 13-cv-3314)(LTS)(AJP)

Dear Judge Swain:

      We are counsel to the defendant John Wiley & Sons, Inc. ("Wiley") in this action. We are in receipt of plaintiff Ellen Senisi's ("Senisi") Objections Under FRCP 72(a) to Magistrate Judge Peck's December 1, 2014 Discovery Ruling and the accompanying documents, Dkt. Nos. 95-96 (collectively, the "Objection"). We write pursuant to Your Honor's Individual Rule of Practice 1(f) to request an extension of Wiley's time to file its response to the Objection by two weeks from December 22, 2014, the deadline set by the Court in an order earlier today, to Monday, January 5, 2015.

      The Objection was filed on December 15, 2018, the fourteenth day after the Magistrate Judge Peck's order. Wiley therefore expected to respond as scheduled on December 29, 2014 – directly between the Christmas and New Year's holidays. Due to our colleagues' absence on other matters today and tomorrow, office closures and travel schedules during the holiday season, this morning Wiley requested Plaintiff's counsel's consent to an extension of two additional weeks to submit Wiley's response. Plaintiff's counsel refused, at first simply saying "no," then clarifying in a later email that "we won't agree to a 2 week extension on your response as that is double the response period and you've made clear the need for urgency. This is crucial discovery and we want a resolution as soon as possible."

      We do not know what Plaintiff's counsel meant when he said Wiley "made clear the need for urgency." Perhaps he was referring to his own request last August for a stay or in the alternative a five week extension of Plaintiff's time to respond to Wiley's motion to dismiss numerous claims in favor of arbitration, which are covered by Plaintiff's broad arbitration clause. Wiley opposed such a long extension in the hope of avoiding duplicative discovery, but the Court ultimately granted that extension. That motion is now fully submitted, and Wiley has conducted discovery on all claims in the Second Amended Complaint pending the Court's decision on it.

    In contrast, Plaintiff's claim that its objections to Magistrate Judge Peck's discovery order are urgent is belied by her counsel taking the full 14 days from the date of that order before filing the Objection. That filing landed Wiley's response in the middle of the holiday season, exactly when counsel and their families are travelling. Today's order from the Court moving the date a week closer came as a further surprise to Wiley.

    Wiley can arrange to complete and file its objections by January 4, rather than the January 12 date it had originally proposed to Plaintiff's counsel. That would extend the Court's current deadline by just two weeks – a very reasonable request at this time of year, and one which Wiley truly needs to prepare its filing. This is Wiley's first request for an extension of time. We thank the Court for its attention to this matter.

Respectfully submitted,

Toby M.J. Butterfield

cc:    Magistrate Peck (via ECF)
        Kevin McCulloch, Esq. (by ECF)
        Danial Nelson, Esq. (by ECF)