UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ELLEN SENISI,

        Plaintiff,

-v-                                                                               No. 13CV3314-LTS-AJP

JOHN WILEY & SONS, INC.,

        Defendant.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2 9 15

ORDER

        This action is one of several related cases that have been coordinated for pre-trial proceedings before United States Magistrate Judge Andrew J. Peck. At a January 7, 2015, coordinated discovery hearing in this matter, Judge Peck issued a ruling granting Defendant John Wiley & Sons, Inc.'s ("Defendant" or "Wiley") request to compel Plaintiff Ellen Senisi ("Plaintiff" or "Senisi") to produce confidential settlement agreements subject to "outside attorneys' eyes only" use and access restrictions in accordance with the confidentiality order entered in this case on September 8, 2014. (See Docket Entry No. 67.) In reaching this conclusion, Judge Peck held that the settlement agreements are relevant to the issue of damages in the cases currently pending against Wiley. Both Plaintiff and non-party publisher Pearson Education, Inc. ("Pearson"), submitted objections to Judge Peck's order, contesting the relevance of the agreements, and raising the concern of potential competitive harm.

        Federal Rule of Civil Procedure 72(a) establishes an extremely deferential standard of review of nondispositive decisions that have been delegated to a magistrate judge, providing that a district judge may only "modify or set aside any part of the order that is clearly

erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "When a case has been referred to a magistrate judge for general pretrial management, the magistrate judge's management of discovery is afforded 'great deference.'" WestLB AG v. BAC Florida Bank, No. 11CV5398-LTS-AJP, 2012 WL 3135773, at *3 (S.D.N.Y. 2012) (quoting Lowrance v. Achtyl, 20 F.3d 529, 534 (2d Cir.1994)). A party seeking to overturn such a discovery order bears 'a heavy burden.'" Id. (quoting Citicorp v. Interbank Card Ass'n, 87 F.R.D. 43, 46 (S.D.N.Y.1980)).

The Court has carefully reviewed the parties' submissions, and finds that neither Senisi nor Pearson has demonstrated that Judge Peck's ruling is clearly erroneous or contrary to law. Production of the settlement agreements subject to an attorneys' eyes only restriction alleviates the concern of potential competitive harm to Pearson and similarly situated publishers. In addition, neither Pearson nor Senisi has established that Judge Peck's ruling that the settlement agreements are relevant for the purposes of discovery is clearly erroneous.

Because both Plaintiff and Pearson have failed to demonstrate that Judge Peck's January 7, 2015, discovery ruling is clearly erroneous or contrary to law, the objection is overruled and Judge Peck's order stands.

This Order resolves docket entry numbers 108 and 110.

SO ORDERED.

Dated: New York, New York
February 9, 2015

LAURA TAYLOR SWAIN
United States District Judge