UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELLEN SENISI,                                               :
                                                            :   Case No. 13 Civ. 3314 (LTS) (AJP)
                         Plaintiff,                         :
                                                            :
        v.                                                  :
                                                            :
JOHN WILEY & SONS, INC.,                                    :
                                                            :
                         Defendant.                         :
------------------------------------------------------------X

## DECLARATION OF TOBY M.J. BUTTERFIELD IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Toby M.J. Butterfield, declare under penalty of perjury that the following is true and correct:

1.     I am a member of Frankfurt Kurnit Klein & Selz P.C., attorneys for defendant John Wiley & Sons, Inc. ("Wiley") in this action.  I submit this declaration in opposition to Plaintiff's motion for partial summary judgment.

2.     Plaintiff's initial Complaint was filed on May 16, 2013.  *See* Dkt No. 1.

3.     Plaintiff's First Amended Complaint was filed on July 15, 2013.  *See* Dkt No. 11.

4.     Plaintiff's Second Amended Complaint (the "SAC") was filed on May 12, 2014. *See* Dkt No. 45.

5.     Plaintiff's Third Amended Complaint (incorrectly titled "Second Amended Complaint") (the "TAC") was filed on January 20, 2015.  *See* Dkt No. 125.

6.     Plaintiff's TAC includes claims concerning 135 allegedly infringing uses of photographs which have not been dismissed and so are still in issue in this case ("Uses in Issue") which had not been included in prior complaints.  *See* Dkt No. 125; Declaration of Toby Butterfield dated April 30, 2015 (Dkt No. 174) ¶¶ 4-6, Exs. 1, 2.

7. Attached hereto as **Exhibit 1** is a true and correct copy of the transcript of the Deposition of Wilhelm Zerter, which was held on October 28, 2014.

8. Attached hereto as **Exhibit 2** is a true and correct copy of the transcript of the Deposition of Plaintiff Ellen Senisi ("Plaintiff" or "Senisi"), which was held on December 17, 2014.

9. Attached hereto as **Exhibit 3** is a true and correct copy of the transcript of the Deposition of Melinda Patelli, which was held on March 31, 2015.

10. In the course of this litigation, Wiley produced to Plaintiff documents in the bates range WILEY-SENISI 8053-8132, which provides actual print run information concerning publications relevant to the Uses in Issue.

11. Attached hereto as **Exhibit 4** is a true and correct copy of the agreement between Plaintiff and ImageWorks, in the bates range SENISI 1410-1412.

12. Attached hereto as **Exhibit 5** is a true and correct copy of Plaintiff's privilege log, dated January 31, 2015.

13. Late on April 29, 2015 – the day before this motion was due – Plaintiff agreed to withdraw claims concerning 112 allegedly infringing uses referenced in the TAC because: (1) those claims had been dismissed by the Court's Order in favor of arbitration, Dkt No. 126; (2) those claims duplicated claims for uses already pled elsewhere in the TAC; or because (3), the photographs in question did not appear in the publications pled. Plaintiff executed a stipulation, subsequently "So Ordered" by the Court, Dkt No. 167, identifying the 112 withdrawn allegedly infringing uses (the "Stipulation").

14. In the Stipulation, Wiley agreed to dismiss its Seventh Defense, which asserted that "Plaintiff has assigned her rights in certain of the photographs at issue to third parties such as licensing agents and therefore lacks standing to bring claims with respect to such photographs." *Id.*

3

15. In its Answer to Plaintiff's TAC, Wiley asserted its Second Defense, that it obtained licenses for many of the Uses at Issue through Senisi's agent, (Dkt No. 142 at p. 2). Wiley did not waive, and specifically preserved that defense in the Stipulation (Dkt No. 167).

16. During the parties' meet and confer communications concerning prospective summary judgment motions, Plaintiff did not request that Wiley withdraw its Fifth Defense that it was an innocent infringer. Plaintiff never informed Wiley that Plaintiff intended to move for summary judgment on Wiley's Fifth Defense.

Dated: New York, New York
       May 22, 2015

                                         /s/ Toby M.J. Butterfield
                                            Toby M.J. Butterfield