UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ELLEN SENISI,

                Plaintiff,

             v.                  Case No. 13 Civ. 3314 (LTS) (AJP)

JOHN WILEY & SONS, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

# MEMORANDUM OF LAW IN OPPOSITION TO
# PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal
Toby M.J. Butterfield
Anna Kadyshevich
Nicole Bergstrom
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone:  (212) 980-0120
Fax:  (212) 593-9175

*Attorneys for Defendant John Wiley & Sons, Inc.*

## TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 1

STANDARD OF REVIEW .......................................................................................................... 2

ARGUMENT ................................................................................................................................. 2

    I.   ISSUES OF FACT REMAIN CONCERNING THE STATUTE
        OF LIMITATIONS ................................................................................................ 2

    II.  WILEY AGREES TO WITHDRAW ITS INNOCENT INFRINGER
        DEFENSE ............................................................................................................... 7

    III. WILEY'S WITHDRAWAL OF ITS CHALLENGE TO PLAINTIFF'S
        STANDING TO MAINTAIN THIS ACTION IS NOT A WAIVER OF
        ITS RIGHT TO RELY ON THE LICENSES IT OBTAINED FROM
        PLAINTIFF'S AGENT ........................................................................................ 8

CONCLUSION .............................................................................................................................. 9

Defendant John Wiley & Sons, Inc. ("Wiley") submits this Memorandum of Law, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, in opposition to Plaintiff Ellen Senisi's ("Plaintiff" or "Senisi") Motion for Partial Summary Judgment.

## PRELIMINARY STATEMENT

Plaintiff has moved for partial summary judgment to dismiss Wiley's affirmative defenses of statute of limitations and innocent infringement. Wiley hereby withdraws its defense of innocent infringement.[1] As for the statute of limitations defense, there are genuine issues of fact concerning when Plaintiff knew or should have known of her potential claims against Wiley for infringement. Plaintiff's admissions at her deposition about when she first had knowledge of such claims and about her ability to investigate the claims via her agent, coupled with her lengthy delay in filing suit, preclude summary judgment on this defense.

## STATEMENT OF FACTS

The facts relevant to Plaintiff's motion are set forth in full in Wiley's Counter-Statement in Response to Plaintiff's Proposed Findings of Undisputed Facts in Support of Her Motion for Partial Summary Judgment and Defendant's Further Statement of Additional Disputed Facts ("Resp. to SUMF").[2]

---

[1] Plaintiff's counsel failed to comply with this Court's Individual Rules and meet and confer with Wiley before moving against this defense, so Wiley did not know it would be the subject of a motion. Instead, as described in Point II, *infra*, Plaintiff filled her brief with inadmissible evidence from other cases about the wholly different issue of whether any infringement was willful.

[2] All defined terms used herein maintain the definitions given to them in Wiley's Memorandum of Law in Support of its Motion for Partial Summary Judgment, dated April 30, 2015, Dkt No. 178.

**STANDARD OF REVIEW**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this inquiry, the court must construe "the evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in that party's favor." *Sledge v. Kooi,* 564 F.3d 105, 108 (2d Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50, 255); *see also Treglia v. Town of Manlius,* 313 F.3d 713, 718-22 (2d Cir. 2002) (on summary judgment, a court must "resolve all ambiguities and draw all factual inferences in favor of the non-movant"). For a non-movant to avoid summary judgment, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Kessler v. Westchester Cnty. Dep't of Soc. Servs.,* 461 F.3d 199, 206 (2d Cir. 2006) (quoting *Anderson,* 477 U.S. at 248-49).

**ARGUMENT**

I.   **ISSUES OF FACT REMAIN CONCERNING THE STATUTE OF LIMITATIONS**

Plaintiff maintains in her motion for partial summary judgment that she had no way of knowing that she had claims against Wiley for infringement – and so could not file suit – until she actually knew Wiley's print run for each publication in issue – information she obtained via discovery. But at her deposition, she admitted that she had been aware of the issue of potential print overruns as early as 2007. She also admitted that she had the right to audit her agent ImageWorks' licensing of all Uses in Issue. Despite those admissions, and Plaintiff's otherwise unexplained delay of <u>six</u> years to first file an action against Wiley in May 2013, and of <u>eight</u>

2

years to assert her latest claims via the Third Amended Complaint in January 2015, Plaintiff now argues that the statute of limitations cannot possibly apply to bar any of her claims.

The Copyright Act generally imposes a three-year statute of limitations on suits for copyright infringement. 17 U.S.C. § 507(b). In copyright actions, the Second Circuit has held that the "discovery rule" applies and that "an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement (the so-called 'discovery rule')." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014). Under the discovery rule, the test is whether a plaintiff "should have known of the basis for [its] claims [, which] depends on whether [it] had sufficient information of possible wrongdoing to place [it] on inquiry notice or to excite storm warnings of culpable activity." *William A. Graham Co. v. Haughey*, 568 F.3d 425, 438 (3d Cir. 2009) (alterations in original) (citations omitted). Then, the plaintiff must "'show that [it] exercised reasonable due diligence and yet [was] unable to discover [its] injuries.'" *Id.* (alterations in original) (citations omitted).[3]

---

[3] After the Second Circuit's decision in *Psihoyos*, *supra*, the Supreme Court explained that "[u]nder the Act's three-year provision, an infringement is actionable within three years, *and only three years*, of its occurrence," and that "the infringer is insulated from liability for earlier infringements of the same work." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014) (emphasis added) (citing 3 M. Nimmer & D. Nimmer, Copyright § 12.05[B][1][b], p. *1970 12-150.4 (2013) ("If infringement occurred within three years prior to filing, the action will not be barred even if prior infringements by the same party as to the same work are barred because they occurred more than three years previously.")). The Supreme Court's *Petrella* decision thus casts doubt on the viability of the discovery rule for copyright infringement claims, as distinct from the traditional "injury rule." *Petrella,* 134 S. Ct. at 1962; *see also Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 616 (7th Cir. 2014). Under the injury rule, a claim accrues at the time the infringement occurred, rather than when the plaintiff had actual or constructive knowledge that it occurred. As explained below, Plaintiff's claims concern Uses in Issue concerning publications released as early as 2002, more than ten years before she filed her first complaint, and thirteen years before she filed the TAC. Wiley hereby reserves its right to argue in future proceedings that the injury rule should apply here. But even if the discovery rule is applied, there are genuine issues of fact precluding a grant of summary judgment dismissing

3

Plaintiff argues that she was unaware of Wiley's alleged infringements or the licensing terms to Wiley because they were licensed through her agent ImageWorks (Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment, Dkt No. 169, dated April 30, 2015 ("Pl. Mem.") at 11), and claims she did not know the exact print run totals for the Publications (*id.* at 9-10).  These arguments miss the point.  The applicable legal question is whether Plaintiff *should* have known of the claims, and whether she *should* be permitted to ignore both her own admitted knowledge of the existence of potential claims and her legal right to obtain licensing information from her own agent.

The record reflects that Plaintiff should have known of her claims well outside of the limitations period.  First, Plaintiff admits that by 2010, if not several years earlier, she was already aware from her research on various online photography forums that infringement violations were occurring in the textbook publishing industry (Resp. to SUMF ¶¶ 25-28), and believed that this industry practice could have included Wiley.  *Id.* ¶ 26.  Plaintiff provided conflicting testimony as to when she began this research, but admitted that it was potentially as early as 2007 (*id.* ¶ 23) [4] – *six years* before she filed her initial Complaint (*see* Declaration of

---

Wiley's statute of limitations defense.  Finally, irrespective of whether the discovery or injury rule applies, under *Petrella,* Plaintiff cannot recover damages for a Use in Issue that occurred more than three years prior to the commencement of her claim for that use.  *Petrella*, 134 S. Ct. at 1969.

[4] Later in her deposition, Ms. Senisi claimed that it was not until 2012 that she believed that Wiley was infringing her copyrights.  Resp. to SUMF ¶ 29.  This testimony is inconsistent, and in conflict with evidence suggesting she discussed Wiley with her current counsel in 2011.  *Id.* ¶ 27.  This alone is sufficient to preclude summary judgment.  *See Boekemeier v. Fourth Universalist Soc'y in City of N.Y.,* 86 F. Supp. 2d 280, 290 (S.D.N.Y. 2000) (finding summary judgment inappropriate where "plaintiff himself presents potentially conflicting facts").  And even 2012 is three years prior to her filing of the TAC, by which time the statute of limitations would have expired for new Uses at Issue.  *See* Butterfield Opp. Decl. ¶ 5, Dkt No. 125.  Trial will determine when Plaintiff should have known or truly believed she could assert a claim

Toby M.J. Butterfield, dated May 22, 2015 ("Butterfield Opp. Decl.") ¶ 2, Dkt No. 1) and a full *eight years* before she filed her TAC adding 135 additional Uses at Issue (*see id.* ¶ 5, Dkt No. 125).

Second, Plaintiff also admitted that her royalty payments from ImageWorks identified Wiley's uses and reuses of the Subject Photos (*see* Resp. to SUMF ¶ 34).[5] At her deposition, Plaintiff testified that the information for her claims regarding the Uses at Issue came from her royalty statements from ImageWorks. *Id.* ¶ 37. This information was in her possession at the time each Use at Issue was licensed – beginning in 2002, the earliest date that Wiley's publications contained claimed infringements. Given the fact that Plaintiff admits that she had reason to believe that Wiley might have infringed her rights as early as 2007 and certainly by 2010, Plaintiff has no explanation for why she did not use the information already in her possession to assert claims earlier than May 2013, when she filed the earliest claims, and January 2015, when she filed the most recent ones.

Instead, Plaintiff maintains that she had no way to know the terms of the licenses granted by ImageWorks (Pl. Mem. at 10-11). This is contradicted by Plaintiff's own contract with ImageWorks, which permitted her to audit ImageWorks' papers and records. Resp. to SUMF ¶ 30. Plaintiff even admitted at her deposition that, had she wanted to find out the terms of certain licenses granted by the ImageWorks, she simply could have called and asked. *Id.* ¶ 38. But she

---

against Wiley for whatever Uses in Issue remain in the case once summary judgment motions are resolved.

[5] Contrary to the suggestion in Plaintiff's brief that ImageWorks' royalty statements "do not even identify Wiley as the licensor" (Pl. Mem. at 11), Plaintiff testified at her deposition that her royalty statements very often *do* identify the use as Wiley's, usually by inclusion of the notation "JWY," and that she was able to identify Wiley as licensor even where the statement did not include that "JWY" notation. Resp. to SUMF ¶¶ 35-36.

5

chose not to do so. She did not request any information from ImageWorks regarding the scope or terms of the licenses it granted to licensors (*id.* ¶ 32), never took advantage of the contractual right to audit ImageWorks' records (*id.* ¶ 31), and never approached Wiley for this information before retaining counsel (*id.* ¶ 33).

This matters because Plaintiff admits that she brought "copyright infringement claims against Wiley, based upon information and belief, related to <u>all</u> licenses granted to Wiley that she could identify" because of her generalized belief that publishers, including Wiley, were infringing her copyrights. Pl. Mem. at 6-7 (citing Dkt No. 45 at ¶ 68 & Ex. 1). In other words, Plaintiff did not bring this case based upon any specific knowledge that Wiley had infringed her copyrights. Rather, she brought this case based on her generalized sense that infringement was occurring in the publishing industry – information Plaintiff had as early as 2007, which was based on the research that she performed to identify particular images that had been infringed before she first reached out to an attorney in 2010. Resp. to SUMF ¶¶ 24-28.

Given these facts, Plaintiff's claims are barred by the statute of limitations. In a copyright infringement action, "the limitations period generally begins to run at the point when the plaintiff can file suit and obtain relief." *Petrella,* 134 S. Ct. at 1969 (internal quotation omitted). Given her admissions at her deposition, Plaintiff cannot properly maintain that the limitations period did not begin to run until she obtained the complete licensing and the print run information which she obtained in discovery in this case. A contrary rule would permit a potential plaintiff to turn a blind eye toward her knowledge of potential infringements and disregard her legal obligation to investigate potential infringements and her contractual right to audit her licensing agent with respect to the licenses it had issued for use of her photographs. Indeed, Plaintiff's claimed excuse for delaying filing suit would deprive Wiley of the benefit of

6

the statute of limitations altogether, as for years she ignored available information about supposed infringement, and passed up opportunities to obtain information about what had been licensed and what publications existed.  Instead of acting expeditiously, as the law requires, Plaintiff did no investigation of her own beyond visiting a bookstore, instead waiting between six and eight years before filing claims this action between 2013 and 2015.  There are, therefore, genuine issues of material fact as to whether plaintiff knew or should have known by May 2010 of her claims asserted in the original complaint in 2013, by May 2011 of the claims added in the second amended complaint in 2014, or by January 2012 of claims added in January 2015.

## II.   WILEY AGREES TO WITHDRAW ITS INNOCENT INFRINGER DEFENSE

Contrary to this Court's Individual Rules, Plaintiff moved for dismissal of Wiley's innocent infringement defense without meeting or conferring with Wiley or even raising the issue with counsel.  Butterfield Opp. Decl. ¶¶ 13, 16.  Nevertheless, Wiley will agree to withdraw its innocent infringement defense, but strongly denies Plaintiff's charge of willfulness, as explained below.

The Second Circuit has made clear that willful and innocent infringement "are not the converse of one another." *Fitzgerald Publ. Co., Inc. v. Baylor Publ. Co., Inc.*, 807 F.2d 1110, 1115 (2d Cir. 1986).  To prove willfulness, plaintiff must prove that at time of the infringing activity, either (1) the defendant was actually aware that its conduct constituted infringement of the plaintiff's rights, or (2) the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights. *See Lipton v. Nature Co.*, 71 F.3d 464, 472 (2d Cir. 1995); *N.A.S. Imp. Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992).

Instead of citing to any evidence in this case, Plaintiff argues that Wiley has been "found liable" for willful copyright infringement in the past (Pl. Mem. at 12), in claims involving

7

different facts, use of different photographs under different circumstances, and different bases for infringement. Findings in other cases are not evidence here. *See Beastie Boys v. Monster Energy Co.*, No. 12-cv-6065, 2014 WL 1099809, at *2 (S.D.N.Y. Mar. 18, 2014) (excluding evidence of other alleged infringements in order to prove willfulness, noting that to allow such evidence would require a "trial within a trial").[6] Wiley is withdrawing its innocent infringement defense, but reserves its right to put plaintiff to proof of her willfulness allegations, which Wiley strongly denies.

## III. WILEY'S WITHDRAWAL OF ITS CHALLENGE TO PLAINTIFF'S STANDING TO MAINTAIN THIS ACTION IS NOT A WAIVER OF ITS RIGHT TO RELY ON THE LICENSES IT OBTAINED FROM PLAINTIFF'S AGENT

Plaintiff disingenuously attempts to conflate two other defenses, claiming in her brief that because Wiley withdrew a defense of lack of standing, it is somehow precluded from relying on another separate defense unrelated to those in issue in this motion. Pl. Mem. at 8-9. Without asking for any ruling by the Court, Plaintiff argues that because Wiley withdrew its Seventh Affirmative Defense that "Plaintiff has assigned her rights in certain of the photographs at issue to third parties such as licensing agents and therefore lacks standing to bring claims with respect to such photographs" (Butterfield Opp. Decl. ¶ 14, Dkt No. 167), Wiley is somehow precluded

---

[6] Plaintiff relies heavily on *Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416 (S.D.N.Y.), but that decision underscores that the question of willfulness must be determined by a factfinder, as the jury's verdict on willfulness was split. *Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416, 2013 WL 1285153, at *3 (S.D.N.Y. Mar. 29, 2013)(willfulness is a "legitimate issue[] of fact" properly raised before the jury, and "[this] *was not a case involving brazen, intentional copying of an unrelated third party's copyrighted works*," but "arose in the context of a complex three-party framework in which Plaintiff and his agent had generally authorized the use of his works.") As a result, "the line between recklessness and negligence" was "a thin one," *id.,* and the *Psihoyos* jury found "*no infringement* as to one photograph, *non-willful infringement* as to a second photograph, and willful infringement as to the remaining two photographs." *Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416, 2012 WL 5506121, at *1 (S.D.N.Y Nov. 7, 2012) (emphasis added). The law requires similarly specific fact-finding here.

8

from relying on license extensions agreed between Wiley and Plaintiff's agent ImageWorks. Pl. Mem. at 8-9. To the contrary, Wiley preserved and did not waive its Second Affirmative Defense that Wiley obtained licenses to use Plaintiff's photographs from her agents. Butterfield Opp. Decl. ¶ 15, Dkt No. 142 at p. 12, Dkt No. 167. To support her contorted legal theory, Plaintiff cites *Davis v. Blige*, 505 F.3d 90 (2d Cir. 2007), despite knowing that courts in this District have distinguished it and affirmed the validity of license extensions issued by agents in exactly the situation in this case. *See Spinelli v. Nat'l Football League*, No. 13 Civ. 7398 (RWS), 2015 WL 1433370, at *31 (S.D.N.Y. Mar. 27, 2015) (distinguishing *Davis v. Blige* as limited to co-owners of copyrights – which is not the case here); *Wu v. Pearson Educ. Inc.*, No. 10 Civ. 6537 (KBF), 2013 WL 145666, at *4 (S.D.N.Y. Jan. 11, 2013) (same), *appeal dismissed* (2d Cir. Mar. 18, 2013) (same).

## CONCLUSION

For each of the foregoing reasons, the Court should deny Plaintiff's motion for partial summary judgment dismissing Wiley's statute of limitations defense.

Dated: New York, New York
　　　　May 22, 2015

　　　　　　　　　　　　　　　　　　　　FRANKFURT KURNIT KLEIN & SELZ, P.C.

　　　　　　　　　　　　　　　　　　　　By:　/s/ Toby M.J. Butterfield
　　　　　　　　　　　　　　　　　　　　　　　Edward H. Rosenthal
　　　　　　　　　　　　　　　　　　　　　　　Toby M.J. Butterfield
　　　　　　　　　　　　　　　　　　　　　　　Anna Kadyshevich
　　　　　　　　　　　　　　　　　　　　　　　Nicole Bergstrom

　　　　　　　　　　　　　　　　　　　　488 Madison Avenue, 10th Floor
　　　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　　　Phone:  (212) 980-0120
　　　　　　　　　　　　　　　　　　　　Fax:  (212) 593-9175
　　　　　　　　　　　　　　　　　　　　tbutterfield@fkks.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant John Wiley & Sons, Inc.*