UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
ELLEN SENISI,                              :
                                           :
                    Plaintiff,             :
                                           :
        v.                                 :     Case No. 13 Civ. 3314 (LTS) (AJP)
                                           :
JOHN WILEY & SONS, INC.,                   :
                                           :
                    Defendant.             :
                                           :
                                           :
------------------------------------------ X

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal
Toby M.J. Butterfield
Anna Kadyshevich
Nicole Bergstrom
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone:  (212) 980-0120
Fax:  (212) 593-9175

*Attorneys for Defendant John Wiley & Sons, Inc.*

# **TABLE OF CONTENTS**

                                                                                     **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.      Plaintiff Now Admits That Summary Judgment is Appropriate For 38 Uses at Issue............................................................................................................. 1

    II.     There Are No Genuine Issues of Material Fact as to the Remaining Uses at Issue ......................................................................................................................... 2

            A.     Plaintiff's Arguments Regarding Foreign Editions Fail ............................. 2

                  1.     Plaintiff Provides No Evidence of Direct Infringement ................. 2

                  2.     Plaintiff Provides No Evidence of Secondary Liability.................. 3

            B.     Wiley's License Extensions Apply Retroactively and are Enforceable ................................................................................................ 5

                  1.     The Two Challenged License Extensions are Valid....................... 5

                  2.     Wiley's License Extensions are Enforceable.................................. 6

    III.    Plaintiff's Declarations Cannot Undo the Invalidity of Her Copyright Registrations .......................................................................................................... 7

            A.     Plaintiff's Registration VA 1-429-916 Is Invalid ...................................... 8

            B.     Plaintiff's Registration VAu 1-065-133 Is Invalid ................................... 8

            C.     Plaintiff's Errors Invalidate Her Copyrights.............................................. 9

            D.     Plaintiff's Declaration Matching New Photographs Is Contrary to Evidence.................................................................................................... 10

CONCLUSION............................................................................................................................ 11

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Arista Records, Inc. v. Mp3Board, Inc.*,
   No. 00 Civ. 4660, 2002 WL 1997918 (S.D.N.Y. Aug. 29, 2002) ............................................3

*Bean v. John Wiley & Sons, Inc.*,
   No. 11 Civ. 08028, 2012 WL 1078662 (Mar. 30, 2012) .........................................................3

*Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.*,
   145 F.3d 481 (2d Cir. 1998).....................................................................................................6

*Broadvision Inc. v. Gen. Elec. Co.*,
   No. 08 Civ. 1478, 2009 WL 1392059 (S.D.N.Y. May 5, 2009)..............................................4

*Caribbean Wholesales & Serv. Corp. v. U.S. JVC Corp.*,
   963 F. Supp. 1342 (S.D.N.Y. 1997).........................................................................................3

*Cassese v. Washington Mut., Inc.*,
   743 F. Supp. 2d 148 (E.D.N.Y. 2010) .....................................................................................3

*Davis v. Blige*,
   505 F.3d 90 (2d Cir. 2007)...................................................................................................6, 7

*Ebwo v. Martinez*,
   309 F. Supp. 2d 600 (S.D.N.Y. 2004)....................................................................................10

*Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*,
   896 F. Supp. 2d 223 (S.D.N.Y. 2012).................................................................................8, 9

*Frank Music Corp. v. MGM Inc.*,
   886 F.2d 1545 (9th Cir. 1989) .................................................................................................4

*Gottlieb v. Cnty. of Orange*,
   84 F.3d 511 (2d Cir. 1996).......................................................................................................2

*Hicks v. Baines*,
   593 F.3d 159 (2d Cir. 2010).....................................................................................................2

*I.M.S. Inquiry Mgmt. Sys., Ltd. v. Berkshire Info. Sys., Inc.*,
   307 F. Supp. 2d 521 (S.D.N.Y. 2004)......................................................................................8

*John Wiley & Sons, Inc. v. DRK Photo*,
   998 F. Supp. 2d 262 (S.D.N.Y. 2014)......................................................................................7

*Mack v. U.S.*,
    814 F.2d 120 (2d Cir. 1987)..................................................................................................7

*MAG Portfolio Consultant, GMBH v. Merlin Biomed Grp. LLC*,
    268 F.3d 58 (2d Cir. 2001)....................................................................................................4

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005)..............................................................................................................4

*Minden Pictures v. John Wiley & Sons, Inc.*,
    10 F. Supp. 3d 1117 (N.D. Cal. 2014) ..................................................................................7

*Psihoyos v. John Wiley & Sons, Inc.*,
    No. 11 Civ. 1416, 2011 WL 4916299 (S.D.N.Y. Oct. 14, 2011) ..........................................9

*Spinelli v. Nat'l Football League*,
    No. 13 Civ. 7398, 2015 WL 1433370 (S.D.N.Y. Mar. 27, 2015) (Sweet, J.) ................5, 6, 7

*Travelers Indem. Co. of Illinois v. CDL Hotels USA, Inc.*,
    322 F. Supp. 2d 482 (S.D.N.Y. 2004)...................................................................................5

*Wu v. Pearson Educ. Inc.*,
    No. 10 Civ. 6537, 2013 WL 145666 (S.D.N.Y. Jan. 11, 2013).....................................4, 5, 7

*Zappa v. Rykodisc, Inc.*,
    819 F. Supp. 2d 307 (S.D.N.Y. 2011)...................................................................................4

**Statutes**

17 U.S.C. § 409(9) ........................................................................................................................8

**Other Authorities**

37 C.F.R. § 202.3 (10)(iii) .............................................................................................................9

5 Patry on Copyright § 17:124......................................................................................................9

Fed. R. Civ. P. 37(c)(1)................................................................................................................10

**PRELIMINARY STATEMENT**

In her opposition brief ("Pl. Opp."), plaintiff Ellen Senisi ("Plaintiff" or "Senisi") attacks the license extensions Wiley obtained from <u>her</u> agent, attempts to impute liability to Wiley for supposedly infringements by foreign publishers, and makes excuses for fundamental flaws in her copyright registrations. Despite these arguments, Plaintiff cannot identify any evidence to create a genuine issue of material fact precluding summary judgment dismissing 143 Uses at Issue.

**ARGUMENT**

**I. PLAINTIFF NOW ADMITS THAT SUMMARY JUDGMENT IS APPROPRIATE FOR 38 USES AT ISSUE**

Plaintiff concedes that the Uses at Issue in rows 64 and 68 are duplicative. *See* Plaintiff's Responses, Objections, and Counterstatement to Defendant's Rule 56.1 Statement of Material Facts, Dkt No. 192, dated May 29, 2015 ("Resp. to DSUMF") ¶¶ 353-372; Declaration of Toby M.J. Butterfield, dated June 12, 2015 ("Reply Decl.") ¶ 2, Ex. 1 (revised chart identifying claims that Plaintiff now concedes).[1]

In addition, Plaintiff admits all facts supporting summary judgment dismissing claims based on 36 other Uses at Issue, including that Wiley secured broad licenses and that she was paid for them. *See* Resp. to DSUMF ¶¶ 133-145, 185-190, 226-254, 283-288, 329-352, 418-439, 457-484, 486-492, 494-500, 505-509, 511-516, 521-538, 546-551. Without any support, Plaintiff objects to the conclusion that Wiley's uses were non-infringing, but she "cannot defeat the [summary judgment] motion by relying…on conclusory statements, or mere assertions that affidavits supporting the motion are not credible" (*Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518

---

[1] Where not otherwise defined, capitalized terms retain the definitions given to them in Wiley's opening memorandum, Dkt No. 178, dated April 30, 2015 ("Def. Mem.").

(2d Cir. 1996) (citation omitted)). These improperly contested Uses at Issue should also be dismissed. *See* Reply Decl. ¶ 2, Ex. 1 (identifying these Uses at Issue).

## II.   THERE ARE NO GENUINE ISSUES OF MATERIAL FACT AS TO THE REMAINING USES AT ISSUE

Plaintiff has two arguments against summary judgment for the remaining 105 Uses at Issue. *First*, Plaintiff argues that Wiley has violated certain invoices by allegedly authorizing non-parties – either Wiley subsidiaries or foreign publishers – to create foreign publications that include Plaintiff's Photographs. *Second*, Plaintiff claims that Wiley's license extensions are invalid. In both cases, however, Plaintiff fails to point to any evidence in the record in support.

### A.   Plaintiff's Arguments Regarding Foreign Editions Fail

Plaintiff attempts to establish that Wiley is liable for the alleged use of her Photographs by foreign publishers or Wiley subsidiaries. Pl. Opp. at 10-12, 19-23. Yet she musters no evidence that: (1) her Photographs were actually distributed by Wiley for use in any foreign publications; (2) any such use was infringing; or (3) assuming infringement, that Wiley was responsible or liable for non-party infringement. *Id*.

#### 1.   Plaintiff Provides No Evidence of Direct Infringement

Plaintiff repeatedly claims that Wiley provided her Photographs to third parties and Wiley subsidiaries for unauthorized inclusion in translations or foreign editions, (Pl. Opp. at 10-12, 19-21), but cites no evidence – and none exists – to support her assertion that Wiley did so. To the contrary, Wiley's foreign-language license and inter-company adaptation[2] agreements licensed *only* the text of its Publications, and specifically prohibited use of third-party materials such as Plaintiff's Photographs: "[t]his grant of rights shall *not* apply to any text, illustrations or

---

[2] Plaintiff seizes on the fact that Wiley's agreements with subsidiaries are titled "intercompany adaptations" (Pl. Opp. at 20), but that proves nothing and does not advance her case. The prefix "inter" means between or among – here, between or among *two companies* – while "intra" means within. *See* www.dictionary.reference.com.

2

supplemental material *from other sources that may be incorporated in the original Work*[.]" *See* Exhibits 10-12 to the Declaration of Kevin P. McCulloch, Dkt No. 189, dated May 29, 2015, at ¶1(c); Defendant's Statement of Undisputed Material Fact, Dkt No. 177, dated April 30, 2015 ("DSUMF") ¶¶ 61, 70, 169, 173, 178, 267, 276, 385.[3]  Speculation and conjecture of direct infringement are insufficient to overcome summary judgment. *See Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) ("[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment") (citation omitted).[4]

### 2. Plaintiff Provides No Evidence of Secondary Liability

Plaintiff further argues that Wiley is liable for foreign editions under the theories of contributory and vicarious liability, or by piercing the corporate veil. *See* Pl. Opp. at 10-12, 19-21.  Again, Plaintiff's argument relies on unsupported assumptions, specifically, that: (1) Wiley authorized use of Plaintiff's Photographs (*id.* at 19, 21-22); and (2) these Photographs were used or infringed by Wiley's foreign subsidiaries (*id.* at 20).

*First*, Plaintiff failed to plead contributory or vicarious infringement and was specifically prohibited by the Court from amending her complaint to add such a claim.  *See* Def. Mem. at 17; *see also Caribbean Wholesales & Serv. Corp. v. U.S. JVC Corp.,* 963 F. Supp. 1342, 1359 (S.D.N.Y. 1997) ("[Plaintiff] is … attempting to add a claim never addressed, or even hinted at, in the complaint.  Such a step is inappropriate … without the Court's leave…")(collecting cases).

*Second*, because Plaintiff fails show any underlying infringement by third parties or Wiley subsidiaries, all of these theories fail.  *See Arista Records, Inc. v. Mp3Board, Inc.*, No. 00

---

[3] Moreover, Plaintiff ignores that Plaintiff's agent, ImageWorks, licensed many of Plaintiff's Photographs directly to Wiley subsidiaries (DSUMF ¶¶ 42, 50, 56, 65, 74, 159, 164, 173, 182, 257, 262, 271, 280, 380, 389, 543).

[4] Plaintiff's reliance on *Bean v. John Wiley & Sons, Inc.*, No. 11 Civ. 08028, 2012 WL 1078662 (Mar. 30, 2012) is misplaced.  In *Bean*, there was no dispute that defendant had licensed plaintiff's photographs outside of the permitted geographic area.  *Id.*, at *1.

3

Civ. 4660, 2002 WL 1997918, at *3 (S.D.N.Y. Aug. 29, 2002) ("In order to establish liability for contributory or vicarious copyright infringement, a plaintiff must first prove that direct infringement of its works occurred."); *Cassese v. Washington Mut., Inc.*, 743 F. Supp. 2d 148, 157 (E.D.N.Y. 2010) (claim to pierce veil of corporate parent "must be based—unsurprisingly—on a substantively valid underlying claim against the subsidiary").

*Third*, even if Plaintiff had shown underlying infringement, she made no factual showing that Wiley "profit[ed] from direct infringement while declining to exercise a right to stop or limit it" (for vicarious liability) or "intentionally induc[ed] or encourag[ed] direct infringement" (for contributory infringement). *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 914 (2005).[5] By the same token, Plaintiff has proffered no evidence that Wiley "exercised complete domination over the corporation with respect to the transaction at issue," as is required to justify veil piercing. *MAG Portfolio Consultant, GMBH v. Merlin Biomed Grp. LLC*, 268 F.3d 58, 63 (2d Cir. 2001).[6] In any case, Wiley's contracts with them do not authorize the use of third-party materials such as Plaintiff's Photographs. *See* Section II(A)(1), *supra.* This conduct by a party to ensure the other was aware of license restrictions "is incompatible with contributory infringement." *Zappa v. Rykodisc, Inc.*, 819 F. Supp. 2d 307, 316 (S.D.N.Y. 2011).

---

[5] Plaintiff accuses Wiley of supporting this argument with "documents it failed to produce in discovery and a witness (Wiley's in-house counsel Ashima Aggarwal)… [whom] Wiley vehemently opposed producing for a deposition." Pl. Opp. at 19, fn. 12. That is simply untrue: Wiley bases its argument on the invoices and agreements produced in discovery and referenced above, and Plaintiff *never* noticed or requested Ms. Aggarwal's deposition. Reply Decl. ¶ 3, Exs. 2, 3.

[6] Plaintiff's contention, based on *Frank Music Corp. v. MGM Inc.,* 886 F.2d 1545, 1553 (9th Cir. 1989), that she need only prove a "substantial and continuing connection " between Wiley and the subsidiaries "with respect to then infringing acts" (Pl. Opp. at 20), is misplaced. Courts in this circuit have not adopted that theory of liability. *See Broadvision Inc. v. Gen. Elec. Co*., No. 08 Civ. 1478, 2009 WL 1392059, at *5 (S.D.N.Y. May 5, 2009) (refusing to adopt the standard set forth in *Frank Music*).

### B. Wiley's License Extensions Apply Retroactively and are Enforceable

In its opening papers, Wiley established that it complied with license extensions it obtained from ImageWorks for 34 Uses at Issue (Def. Mem. 18-22), citing *Spinelli v. Nat'l Football League*, No. 13 Civ. 7398, 2015 WL 1433370, at *31 (S.D.N.Y. Mar. 27, 2015) (Sweet, J.) and *Wu v. Pearson Educ. Inc.*, No. 10 Civ. 6537, 2013 WL 145666 (S.D.N.Y. Jan. 11, 2013).

Plaintiff challenges Wiley's argument on two grounds. *First*, Plaintiff claims that two of Wiley's license extensions are fraudulent, and cannot be read to grant retroactive rights (Pl. Opp. at 12-14). *Second*, she attempts to distinguish *Spinelli* as applying only to exclusive licensees (*id.* at 14-14). Plaintiff's arguments are contrary to law.

#### 1. The Two Challenged License Extensions are Valid

Plaintiff claims that two challenged licenses: (1) are invalidated by fraud (Pl. Opp. at 12-14); and (2) must be read to prohibit retroactive application because they do not expressly provide for it (*id.* at 14). Both arguments fail.

There is no factual support for Plaintiff's argument that the licenses were obtained by fraud. Where, as here, plaintiff alleges fraudulent concealment on the basis of superior knowledge, a duty to share that superior knowledge arises only where "the first party knows that the second party is acting on the basis of mistaken knowledge." *Travelers Indem. Co. of Illinois v. CDL Hotels USA, Inc.,* 322 F. Supp. 2d 482, 499 (S.D.N.Y. 2004). Once again, Plaintiff's argument simply assumes that: (1) Wiley purchased these licenses "after determining that it was not in compliance with its initial licenses" (Pl. Opp. at 12); (2) ImageWorks was unaware of any compliance issues; and (3) Wiley knew ImageWorks was unaware. Plaintiff points to no evidence – and there is none – to support these assumptions or the elements of fraud.

Plaintiff further claims that these two licenses are invalid because they did not specifically denote that they applied retroactively (Pl. Opp. at 14), suggesting that *Wu*, which rejected this argument, "rests on a critical mistake of law" (*id.* at 15-16). But, the court in *Wu* "decline[d] to read additional, unstated limits into otherwise clear contracts between sophisticated parties," such as limitations on retroactive use. 2013 WL 145666, at *5. The *Spinelli* court reached the same conclusion. 2015 WL 1433370, at *30 (finding that "the grant of rights made by Plaintiffs . . . is broad and unlimited" and holding that if plaintiff had wanted to limit a certain use, "such a term should have been negotiated and included explicitly").

The holding in *Wu* is also consistent with the long-standing Second Circuit ruling in *Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.*, 145 F.3d 481 (2d Cir. 1998) applying neutral principles of contract interpretation to licenses, and rejecting the narrow construction that Plaintiff claims applies. So the broad license extensions ImageWorks granted to Wiley here necessarily include retroactive rights. *See* Declaration of Toby M.J. Butterfield, Dkt No. 174, dated April 30, 2015 ("Butterfield Decl.") Exs. 23, 33.[7]

### 2.     Wiley's License Extensions are Enforceable

In challenging the validity of all the license extensions, Plaintiff disingenuously attempts to distinguish *Spinelli* on the grounds that "[Image Works] did not acquire any copyrights in and is not an 'exclusive licensee' of Plaintiff's photos." Pl. Opp. at 15. However, as Plaintiff's attorneys well know – having been counsel of record – the court in *Spinelli* took great pains to

---

[7] The excerpts from Melinda Patelli's deposition do not save Plaintiff's case. Ms. Patelli, who has been employed in her current position only since August 2014 (Declaration of Danial Nelson, Dkt No. 188-3, dated May 29, 2015, Ex. 55 at 121:122:9), spoke only to the "vocabulary that [she] use[d] personally" and "[could] not say that for all of Wiley since the beginning of time that that vocabulary has been specifically used in that manner." *Id.* at 118:13-20; 120:6-9.

explain that "retroactive licenses" were valid even if they were granted by a non-exclusive licensee.  Def. Mem. at 20-21 (citing *Spinelli*, at *32).

Plaintiff's reliance on *Davis v. Blige*, 505 F.3d 90 (2d Cir. 2007) is misplaced.  *Davis* held that a copyright owner may enter into a license with retroactive effect so long as it does not "have the effect of eviscerating a co-owner's claims based on past copyright infringement," recognizing that its motivating concern for the rights of *non-consenting* co-owners did not apply to a lone copyright owner.  *Id.*, 505 F.3d at 104.  Applying this holding to licensing agents acting with the authority of copyright owners, *Wu* and *Spinelli* each found "retroactive" licenses valid, distinguishing the narrow holding in *Davis*.  *Wu*, 2013 WL 145666, at *4; *Spinelli*, 2015 WL 1433370, at *32.[8]

### III.   PLAINTIFF'S DECLARATIONS CANNOT UNDO THE INVALIDITY OF HER COPYRIGHT REGISTRATIONS

In its opening brief, Wiley demonstrated that Plaintiff's copyright registrations VA 1-429-916 and VAu 1-065-133, covering 28 Photographs and 122 Uses at Issue, contain material errors and are therefore invalid (Def. Mem. at 9-12), and that Plaintiff lacked proof of registration for 12 other Photographs covering 19 Uses at Issue (*id.* at 12-13).  Plaintiff tries to create issues of fact by submitting declarations that conflict with her previous testimony and other evidence produced in this case.  Even taken at face value, the declarations fail to raise material issues of fact precluding summary judgment.

---

[8] Nor is Wiley estopped from asserting that its licenses with Plaintiff's agent are valid, as Plaintiff suggests (Pl. Opp. at 18-19).  In both *Minden Pictures v. John Wiley & Sons, Inc.*, 10 F. Supp. 3d 1117 (N.D. Cal. 2014) and *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262 (S.D.N.Y. 2014), Wiley challenged the standing of agencies as a matter of copyright law, a far cry from standing under contract law, which can be delegated to non-exclusive agents.

### A.     Plaintiff's Registration VA 1-429-916 Is Invalid

At her deposition, Plaintiff testified at length regarding registration VA 1-429-916, stating that it covered approximately 8,000 works created between 1990 and 2007.  DSUMF ¶ 564.  At no point did Plaintiff testify that the works were meant to be registered as a "compilation," nor did she register them that way.  Now, in conflict with her deposition testimony, Plaintiff claims for the first time that registration VA 1-429-916 "was intended to apply to this set of [her] photos as an aggregate compilation of [her] archive collection." Declaration of Ellen Senisi, Dkt No. 186, dated May 27, 2015 ¶ 2.  However, these new and convenient claims should be disregarded.  *See Mack v. U.S.*, 814 F.2d 120, 124 (2d Cir. 1987) ("It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment.").

Moreover, registration of a compilation requires "identification of any preexisting work or works that it is based on or incorporates, and a brief, general statement of the additional material covered by the copyright claim being registered."  17 U.S.C. § 409(9).  Plaintiff failed to do this (*see* Butterfield Decl. Ex. 72 at p. 2, box 6), casting doubt on the validity of her declaration, and excluding all unidentified underlying material from the scope of this registration.  *See I.M.S. Inquiry Mgmt. Sys., Ltd. v. Berkshire Info. Sys., Inc.,* 307 F. Supp. 2d 521, 529 (S.D.N.Y. 2004) (alleged "compilation" that did not identify preexisting material did not serve to register those materials).

### B.     Plaintiff's Registration VAu 1-065-133 Is Invalid

Similarly, with respect to her "unpublished" registration VAu 1-065-133, Plaintiff now claims that she was permitted to register published and unpublished works as a group if they "are combined in a single unpublished collection." Pl. Opp. at 5 (citing 37 C.F.R. § 202.3(b)(4)(i)(B)).  This is incorrect.  In an unpublished collection, "[t]he 'u' represents that the

8

*works* are unpublished" and not the collection as a whole, and a registration that attempts to combine the two is invalid. *See Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 225 (S.D.N.Y. 2012) (emphasis added).

Plaintiff next claims that the works underlying VAu 1-065-133 were in fact unpublished because Plaintiff was registering "RAW files" and not the low-resolution files she licensed to Wiley. Even assuming these RAW files are distinct, and "fully deserving of their own copyright protection" (Pl. Opp. at 5), then the photographs Plaintiff registered in VAu 1-065-133 were not the photographs she licensed to Wiley, which form the basis of this lawsuit. Without a valid copyright registration, her claims must be dismissed. *See Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416, 2011 WL 4916299, at *2 (S.D.N.Y. Oct. 14, 2011).

### C. Plaintiff's Errors Invalidate Her Copyrights

Plaintiff further suggests that the errors in her registrations were not made in an effort to "willfully defraud the Copyright Office" and thus do not require summary judgment. Pl. Opp. at 7-9. The relevant test, however, is whether "the Copyright Office is likely to have rejected the application had the actual facts been known" (5 Patry on Copyright § 17:124 (collecting cases)), and "does not require a showing of fraud" (*Family Dollar,* 896 F. Supp. 2d at 224). The Copyright Office limits the registration of groups of photographs to those first published in the same year. 37 C.F.R. § 202.3 (10)(iii). If Plaintiff is correct both that she could register an unlimited number of photographs first published in different years as a single compilation (Pl. Opp. at 3-4), and that that registration would afford individual copyright protection to all photographs included therein (*id.* at 4, fn. 3), the loophole would render the Copyright Office's limitations on registration of group photographs obsolete.[9]

---

[9] In her opposition, Plaintiff asks this Court for the first time to allow her to correct the defects in her registrations. Pl. Opp. at 7. However, Plaintiff was on notice of the material errors since at least December 2014, when Wiley

9

### D. Plaintiff's Declaration Matching New Photographs Is Contrary To Evidence

As Wiley pointed out in its opening briefing, Plaintiff failed to produce any evidence in discovery that 12 of her Photographs, covering 19 Uses at Issue, are registered. Plaintiff now admits that she lacks registrations for two of these Photographs identified in Rows 190 and 238 – making summary judgment appropriate on these claims (*see Psihoyos*, 2011 WL 4916299, at *2) – but now asserts that the remaining Photographs are registered by VA 1-429-916. Supplemental Declaration of Ellen Senisi, Dkt No. 190, dated May 29, 2015.

Plaintiff's self-serving and unsupported declaration is contrary to the documents produced in this case. Plaintiff produced a deposit copy for VA 1-429-916 including thumbnails of all images included in that registration identified by Image ID number. Review of the deposit copy makes clear that not one Image ID listed in Senisi's new declaration is included therein. Reply Decl. ¶ 6.[10] Her claims with respect to these Photographs also must be dismissed.

---

raised them during Plaintiff's deposition, and should been aware of them even earlier in light of her sworn statements regarding the registrations in September 2014. DSUMF ¶¶ 564-570.

[10] Plaintiff suggests that her failure to identify registration information for these Photographs despite being ordered to do so "was an innocent oversight *by both parties*" that should be forgiven. Pl. Opp. at 9 (emphasis in original). Wiley notified Plaintiff on at least three occasions of approximately 10 apparently unregistered photographs, culminating in a letter to this Court, and the Court instructed the parties to deal with Plaintiff's failure on summary judgment. Reply Decl. ¶¶ 4-5, Dkt Nos. 155; 165 at 18:16-22. Plaintiff waited until her opposition to Wiley's summary judgment motion to provide this declaration. A party who fails to provide discovery may not supplement its evidence on a motion. Fed. R. Civ. P. 37(c)(1); *Ebwo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004).

## **CONCLUSION**

For the foregoing reasons and those stated in the Memorandum of Law in Support of Defendant's Motion for Partial Summary Judgment, the Court should grant Wiley's motion for partial summary judgment.

Dated: New York, New York
       June 12, 2015

>FRANKFURT KURNIT KLEIN & SELZ, P.C.
>
>
>By:   /s/ Toby M.J. Butterfield
>      Edward H. Rosenthal
>      Toby M.J. Butterfield
>      Anna Kadyshevich
>      Nicole Bergstrom
>
>488 Madison Avenue, 10th Floor
>New York, New York 10022
>Phone:  (212) 980-0120
>Fax:  (212) 593-9175
>tbutterfield@fkks.com
>
>*Attorneys for Defendant John Wiley & Sons, Inc.*