UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ELLEN SENISI,

Plaintiff,

-v-

No. 13CV3314-LTS-AJP

JOHN WILEY & SONS, INC.,

Defendant.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

Plaintiff Ellen Senisi ("Senisi" or "Plaintiff") brings this suit against Defendant John Wiley & Sons, Inc. ("Wiley" or "Defendant"), asserting claims of copyright infringement based on Wiley's alleged use of several of her photographs beyond the terms of licensing agreements entered into by Wiley. Now before the Court are the parties' cross-motions for partial summary judgment. In her motion, Senisi seeks dismissal of Wiley's statute of limitations and "innocent intent" defenses. Wiley seeks dismissal of Senisi's claims based on 143 of the 153 allegedly infringing uses of photographs that remain in the case following previous motion practice.

The Court has subject matter jurisdiction of this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has carefully reviewed the parties' written submissions, and for the following reasons, both Plaintiff and Defendant's motions for partial summary judgment are granted.

## BACKGROUND[1]

In light of the prior motion practice in this case,[2] the Court provides only a brief summary of the relevant facts, which are undisputed unless otherwise indicated.

Plaintiff Ellen Senisi is a photographer who makes her living taking and licensing stock photographs. (Def. 56.1 St. ¶ 1, Docket Entry No. 177.) Defendant John Wiley & Sons is a publisher of textbooks, professional books and scholarly journals. (Def. 56.1 St. ¶ 2.) Senisi licensed photographs to Wiley, both directly and through a third party photo agency called The ImageWorks ("ImageWorks"). (See Pl. 56.1 St. ¶ 2, Docket Entry No. 177; Def. 56.1 St. ¶¶ 7-19.) Under the terms of its agreement with Senisi, ImageWorks may license Senisi's photographs for whatever price it chooses, and there are no restrictions on the print run, geographic scope or language rights that ImageWorks may license to a third-party publisher like Wiley. (Def. 56.1 St. ¶ 13.) When her photographs are licensed by ImageWorks, Senisi receives 50% of the profits derived from such licensing, and receives monthly royalty statements from ImageWorks. (Id. ¶¶ 11-12.) Over the course of her career in licensing photographs, Plaintiff has never contacted Wiley or any other licensor to inquire about their use of her photographs, prior to her engaging counsel in this case. (Def. 56.1 St. ¶ 19.)

Senisi now claims that Wiley used some of those photographs without permission and/or beyond the terms of the agreed upon licenses, amounting to copyright infringement. (Pl.

---

[1] Facts recited as undisputed are identified as such in the parties' statements pursuant to S.D.N.Y. Local Civil Rule 56.1 or drawn from evidence as to which there is no non-conclusory contrary factual proffer. Citations to the parties' respective Local Civil Rule 56.1 Statements ("Def. 56.1 St." or "Pl. 56.1 St.") incorporate by reference the parties' citations to underlying evidentiary submissions.

[2] The parties are directed to the Court's prior opinions in this case for a fuller discussion of the facts. (See Docket Entry Nos. 43, 126.)

56.1 St. ¶¶ 12, 21; Def. 56.1 St. ¶ 3.) The original complaint in this action was filed on May 16, 2013, by seven different photographers, each seeking a declaration of their rights as copyright owners with respect to works used, at some point, by Wiley. (See Complaint, Docket Entry No. 1; First Amended Complaint, Docket Entry No. 11.) Four of the photographers also sued Wiley for copyright infringement. (Id.) On August 5, 2013, Wiley moved to dismiss the First Amended Complaint, arguing that the plaintiffs' copyright claims were insufficiently pleaded and that, to the extent that any of the claims was properly pleaded, each of the plaintiffs' claims should be severed from those of the others. (See Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, Docket Entry No. 16.) This Court ultimately agreed and, on March 28, 2014, issued a Memorandum Opinion and Order dismissing certain of the plaintiffs' claims, and severing the plaintiffs' claims. (See Docket Entry No. 43.)

On May 12, 2014, Plaintiff Senisi filed a Second Amended Complaint, asserting her own copyright infringement claims against Wiley. (See Docket Entry No. 45.) On August 4, 2014, Wiley moved again to dismiss, this time arguing that the majority of Plaintiff's claims were governed by controlling arbitration clauses. (See Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint in Part, and to Stay Remaining Claims, Docket Entry No. 53.) On January 21, 2015, the Court issued a Memorandum Opinion and Order dismissing a number of Plaintiff's claims in favor of arbitration. (See Docket Entry No. 126.)

153 allegedly infringing uses of Senisi's works remain in dispute. Wiley now moves for summary judgment, seeking dismissal of Plaintiff's claims with respect of 143 of those 153 uses. (See Memorandum of Law in Support of Defendant's Motion for Partial

Summary Judgment ("Def. Memo"), Docket Entry No. 178.)

## DISCUSSION

Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, courts must view all facts in the light most favorable to the non-moving party. Matthews v. City of New York, 779 F.3d 167, 171-72 (2d Cir. 2015). When the moving party has documented particular facts in the record, however, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." FDIC v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010). The moving party bears the burden of demonstrating the absence of a material fact, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986), and the court must be able to find that, "'after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party.'" Marvel Entertainment, Inc. v. Kellytoy (USA), Inc., 769 F. Supp. 2d 520, 523 (S.D.N.Y. 2011) (quoting Heublein v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993)). A fact is considered material "if it might affect the outcome of the suit under the governing law," and an issue of fact is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Holtz v. Rockefeller & Co. Inc., 258 F. 3d 62, 69 (2d Cir. 2001) (internal quotation marks and citations omitted).

Claims Governed by Copyright Registration VA 1-429-916

Copyright registration is a prerequisite to bringing a copyright suit. 17 U.S.C.S. § 411(a) (LexisNexis 2015). Senisi asserts here that her copyright registration VA 1-429-916 covers thirty-seven photographs corresponding to 121 of the uses at issue here. (See Butterfield Reply Decl., Ex. 1, Docket Entry No. 194-1 (rows 16-18, 71-73, 76-78, 82-84, 90-95, 99-137, 151-89, 192-201, 203-12, 217, 262-65).) Wiley disputes the validity of this registration.

Multiple works may be registered for copyright protection at one time, either through a single work registration or, for certain classes of works, a group registration. 37 C.F.R. §§ 202.3(b)(4)-(10); 17 U.S.C.S. § 408; R.F.M.A.S., Inc. v. Mimi So, 619 F. Supp. 2d 39, 58 (S.D.N.Y. 2009). In the case of published works, a single work registration is available for "all copyrightable elements that are otherwise recognizable as self-contained works, that are included in a single unit of publication, and in which the copyright claimant is the same." 37 C.F.R. § 202.3(b)(4)(i)(A). A "group registration of published photographs" is available if a variety of conditions are met, including that the photographs all have been published within the same calendar year. Id. § 202.3(b)(10). "Publication" is defined as:

> the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication. A public performance or display of a work does not of itself constitute publication.

17 U.S.C.S. § 101 (LexisNexis 2015).

Copyright protection is also available for "compilations." 17 U.S.C.S. § 103(a) (LexisNexis 2015). A "compilation" is defined as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such

a way that the resulting work as a whole constitutes an original work of authorship." Id. § 101. The application for copyright registration as a compilation must include "a brief, general statement of the additional material covered by the copyright claim being registered." 17 U.S.C.S. § 409(9) (LexisNexis 2011). A section of the registration form is designated for such a statement. (See Butterfield Decl. Ex. 72, Docket Entry No. 174-72.)

Senisi asserts that registration VA 1-429-916, dated May 2007, covers each of the 8,000 photographs she created between 1990 and 2007. (Pl. 56.1 Counter St. ¶ 564, Docket Entry No. 192.) She does not argue that VA 1-429-916 was a "group registration," presumably because the photographs were not published within the same year, as required by statute. Instead, she claims the photographs were registered as a "single work" pursuant to 37 C.F.R. § 202.3(b)(4) or, alternatively, a "compilation" pursuant to 17 U.S.C. § 103(a).

Registration VA 1-429-916 is not valid under either of Plaintiff's theories. As an initial matter, VA 1-429-916 does not meet the regulatory requirements for a single work registration. Multiple published works may be protected under a single registration only if they were published for the first time together as a "single unit of publication." 37 C.F.R. § 202.3(b)(4)(i)(A); McLaren v. Chico's FAS, Inc., No. 10CIV2481-JSR, 2010 WL 4615772, at *2-3 (S.D.N.Y. Nov. 9, 2010) ("[O]nly individual works first published together in a single work can qualify for 'single work' registration.") (emphasis in original). "Such an interpretation supports one of the fundamental policy goals of the Copyright Act, which is to promote a robust federal register of existing copyrights by discouraging copyright holders from sitting on their rights." Olander Enterprises, Inc. v. Spencer Gifts, LLC, 812 F. Supp. 2d 1070, 1076-77 (C.D. Cal. 2011). Senisi has admitted that "at least one if not more of the photos subject to . . . registration [VA 1-429-916] were published before 2007" (Deposition of Ellen Senisi ("Senisi

Dep.") 76:14-18, Docket Entry No. 182-2; see also Pl. 56.1 Counter St. ¶ 569.) She has proffered no evidence in explanation or contravention of this admission that the works were not published together for the first time as a single unit. Accordingly, the undisputed evidence makes clear that Senisi's photographs could not be validly registered as a single work; an incurable defect of their registration. See McLaren, 2010 WL 4615772 at *4.

Nor does VA 1-429-916 meet the statutory requirements for registration as a compilation. To constitute a compilation under the Copyright Act, the data constituting the work must be "selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." 17 U.S.C.S. § 101. Although the bar for "original work" is low, Matthew Bender & Co. v. W. Pub. Co., 158 F.3d 674, 680 (2d Cir. 1998) (a compilation need only "display some minimal level of creativity" (internal quotation marks and citation omitted)), Plaintiff's mass registration of photographs does not satisfy this requirement. According to Plaintiff, the registration was intended "as an aggregate compilation" for display on her website of all 8,000 photographs she created between 1990 and 2007. (Senisi Decl. ¶ 2, Docket Entry No. 186; Senisi Dep. 55:15-24.) There is nothing creative about this selection of photographs – Senisi simply consolidated all of the photographs she had created over the past seventeen years in a single place, and offers no evidence demonstrating that she took any further steps to imbue this collection with any sort of original or creative element. As courts in this district have held, "the collection of all is not a selection." Silverstein v. Penguin Putnam, Inc., 522 F. Supp. 2d 579, 599 (S.D.N.Y. 2007) (internal quotation marks omitted) (holding that a collection comprised of a poet's previously uncollected poems did not constitute an original work). Thus, because Senisi has failed to proffer any evidence indicating that she has "display[ed] some minimal level of creativity" with respect to the collection of the 8,000

photographs she created between 1990 and 2007, they cannot be considered validly registered as a compilation under the governing copyright law.

Moreover, Senisi's contention that she registered the photographs as a compilation is "not only belated but without evidentiary support." Thron v. HarperCollins Publishers, Inc., No. 01CIV5437-JSR, 2002 WL 1733640, at *1 (S.D.N.Y. July 26, 2002). In Thron, the court rejected the plaintiff's "new-found theory" that photographs were registered as a compilation, and stated that allowing a supplemental registration would not address the lack of notice to the public. Thron, 2002 WL 1733640, at *1 n.2. Here, as in Thron, Senisi left the portion of the copyright registration form pertaining to compilations entirely blank, which constitutes uncontroverted evidence that the photographs were never meant to be registered as a compilation. (Butterfield Decl. Ex. 72.) Furthermore, as in Thron, neither the Second Amended Complaint nor Senisi in her deposition refers to registration of the works as a compilation. Additionally, Senisi's counsel in this case has previously described her registrations, including VA 1-429-916, as "group registrations," not compilations. (Letter of Kevin McCulloch, Sept. 18, 2014, Docket Entry No. 71.) Senisi's attempt to retroactively recast VA 1-429-916 as a compilation or a single work registration in order to avoid its defects as a group registration is unavailing.

Wiley also seeks summary judgment dismissing Senisi's claims based on twelve photographs – corresponding to nineteen alleged infringing uses – for which Senisi has not properly identified a copyright registration. (See Butterfield Reply Decl., Ex. 1 (rows 12-14, 69, 74, 79-81, 89, 190, 237-39, 251-56).) Senisi asserts that these photographs were also covered by registration VA 1-429-916. In response, Wiley submits a declaration of counsel stating that these photographs were not identified in the deposit copy for the registration. (Id. ¶ 6.) As

explained above, the Court has already determined that registration VA 1-429-916 is invalid. Thus, even if these twelve photographs were covered by that registration, her infringement action fails for lack of a valid prior registration.

In light of the foregoing legal conclusions, the Court grants Wiley's motion for summary judgment insofar as it seeks dismissal of the aforementioned 140 of the remaining 143 uses at issue.

Remaining Allegedly Infringing Uses

With respect to the three remaining allegedly infringing uses targeted by Wiley's motion, Senisi has effectively conceded Wiley's argument. Specifically, Senisi does not contest that two of the allegedly infringing uses are mere duplicates of uses already dismissed by this Court in favor of arbitration, based on enforceable arbitration provisions in the applicable licenses. (Pl. 56.1 Counter St. ¶¶ 353-72; Butterfield Reply Decl. Ex. 1 (rows 64, 68); Docket Entry No. 126.) As to the third use, Senisi concedes that Wiley did not exceed its license for the photograph in question. (Pl. 56.1 Counter St. ¶¶ 533-37; Butterfield Reply Decl. Ex. 1 (row 219).) Defendant's motion for partial summary judgment is therefore granted and Senisi's claims regarding these additional three uses are dismissed.

Senisi's Motion For Partial Summary Judgment

Plaintiff Senisi seeks summary judgment striking Defendant's statute of limitations defense. "Where a plaintiff uses a summary judgment motion . . . to challenge the legal sufficiency of an affirmative defense – on which the defendant bears the burden of proof at trial – a plaintiff may satisfy its Rule 56 burden by showing that there is an absence of evidence

to support an essential element of the non-moving party's case." F.D.I.C. v. Giammettei, 34 F.3d 51, 54 (2d Cir. 1994) (internal quotation marks and citations omitted). The applicable copyright law further provides that a civil action for copyright infringement must be brought within three years after accrual of an infringement claim. 17 U.S.C.S. § 507(b) (LexisNexis 2015). Claims accrue only after "actual or constructive discovery" of the infringement. Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 124-25 (2d Cir. 2014).

Here, Senisi argues that, because information regarding Wiley's uses of her photographs was non-public, she was not in a position to discover any specific copyright violations prior to her bringing this suit. (See Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment, Docket Entry No. 169, at p. 9.) Wiley argues in response that Plaintiff admitted at her deposition that she was aware as early as 2007, based on research in online photography forums, that copyright infringement was occurring within the textbook publishing industry. (Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Wiley Opp. Memo"), Docket Entry No. 183, at p. 4 (citing Senisi Dep. 135).) Even if Senisi's purported awareness of such a practice were sufficient to cause a claim to accrue at that time, Wiley's reliance on that particular excerpt from Senisi's deposition for the 2007 discovery date is misplaced and disingenuous. The year 2007 is mentioned only in isolation at the beginning of a long question posed by Wiley's counsel about Senisi's search for a lawyer, and Senisi does not address the suggested 2007 date in her answer. To the contrary, in portions of her deposition testimony both before and after the portion of the transcript cited by Wiley, Senisi states that she did not hire a lawyer to pursue her copyright claims until 2011. (Senisi Dep. 132-33, 136-37.) And when asked the question directly, Plaintiff stated that she was not aware of any potential claims against Defendant until 2012. (Senisi Dep. 267:12-16.)

Wiley also points to the first entry on Senisi's privilege log – an email with an attorney – to attempt to demonstrate that, at the latest, Senisi sought counsel in 2010 and therefore must have been aware of her claims by that time. (Def. 56.1 St. ¶ 28.) However, that email is dated December 6, 2010, which less than three years before this suit was initiated in May 2013 and thus within the limitations period.

There is therefore an utter "absence of evidence" indicating Senisi's actual or constructive knowledge of her potential claims against Wiley more than three years prior to initiating this suit. Giammettei, 34 F.3d at 54. In light of this, no material issues of fact exist with respect to Wiley's statute of limitations defense, and the Court therefore grants Senisi's motion for summary judgment seeking dismissal of the defense.[3]

## CONCLUSION

In light of the foregoing, Wiley's motion for partial summary judgment is granted. All claims based upon the allegedly infringing uses of Senisi's photographs indicated in rows 12-14, 16-18, 64, 68-69, 71-74, 76-84, 89-95, 99-137, 151-90, 192-201, 203-12, 217, 219, 237-39, 251-56 and 262-65 of the chart provided by Wiley (See Butterfield Reply Decl., Ex. 1, Docket Entry No. 174) are hereby dismissed.

Plaintiff's motion for partial summary judgment is granted as well, and Wiley's statute of limitations affirmative defense is stricken.

Defendant's letter motion to strike Plaintiff's response to Defendant's Notice of Supplemental Authority is denied.

---

3 Furthermore, Wiley has agreed to withdraw its "innocent infringement" defense (see Wiley Opp. Memo at pp. 7-8), rendering that portion of Senisi's cross-motion moot.

This Memorandum Opinion and Order resolves docket entry numbers 168, 173 and 206.

The final pretrial conference in this matter will be held on **Friday, February 19, 2016, at 11:00 a.m. in Courtroom 12D.** The stay of pre-conference deadlines and preparation requirements is hereby lifted.

SO ORDERED.

Dated: New York, New York
November 30, 2015

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge