UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ELLEN SENISI,

        Plaintiff,

  -v-                                      No.  13CV3314-LTS-AJP

JOHN WILEY & SONS, INC.,

        Defendant.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

On November 30, 2105, this Court issued a Memorandum Opinion and Order ("SJ Order") resolving the cross-motions of Plaintiff Ellen Senisi ("Senisi" or "Plaintiff") and Defendant John Wiley & Sons, Inc. ("Wiley" or "Defendant") for summary judgment.  (See Docket Entry Nos. 168, 173, 209.)  The SJ Order dismissed 143 of the 153 claims of copyright infringement remaining in this case, relying principally on the invalidity of copyright registration VA 1-429-916, which covered 140 of the claims at issue (the "subject claims").  (See SJ Order.)  On December 10, 2015, Senisi filed a letter with the Court seeking "clarification that the dismissal of the claims covered by VA 1-429-916 [was] . . . without prejudice."  (See Docket Entry No. 210) (emphasis in original).  Wiley opposed Plaintiff's request for clarification.  (See Docket Entry Nos. 211-213.)  On January 7, 2016, the Court issued a Memorandum Order denying Senisi's request that the dismissal of her claims based on registration VA 1-429-916 be deemed without prejudice.  (See Docket Entry No. 214 ("Jan. 7 Order").)

Senisi filed the instant motion on January 15, 2016, seeking reconsideration of the Jan. 7 Order's holding that dismissal of the claims arising from registration VA 1-429-916 was

with prejudice or, in the alternative, entry of judgment on the ruling dismissing the 140 claims pursuant to Federal Rule of Civil Procedure 54(b) so that Senisi might pursue an immediate appeal.  (See Docket Entry Nos. 215, 216 ("Senisi Memo").)  Wiley opposes both requests.  (See Docket Entry No. 220 ("Wiley Memo").)

The Court has carefully considered the parties' submissions and, for the reasons stated below, grants Senisi's motion for reconsideration, vacates the Jan. 7 Order and holds that the 140 claims that had been asserted in connection with registration VA 1-429-916 are dismissed without prejudice.

DISCUSSION[1]

"A motion for reconsideration is governed by Local Civil Rule 6.3.  In deciding a motion for reconsideration pursuant to Local Civil Rule 6.3 . . . [t]he moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion." See Weber v. Multimedia Entertainment, Inc., No. 97CV682-JGK, 2000 WL 724003, at *1 (S.D.N.Y. June 5, 2000); see also Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").  "A motion for reconsideration can [also] be granted if . . . there is a need to correct a clear error or prevent manifest injustice." Stone v. 866 3rd Next Generation Hotel, LLC, No. 99CV4780-LTS-KNF, 2002 WL 655591, at *1 (S.D.N.Y. Apr. 19, 2002) (quoting Virgin

---

[1]   In light of the extensive prior motion practice in this case, the Court presumes the parties' familiarity with the underlying facts.

Atlantic Airways v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)); see also Munafo v. Metropolitan Transp. Authority, 381 F.3d 99, 105 (2d Cir. 2004) ("we agree with our sister circuits that district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice") (internal quotation marks and citations omitted).  Ultimately, the decision as to whether or not to grant a motion for reconsideration is entrusted to the district court's sound discretion.  See, e.g., Devlin v. Transportation Communications Intern. Union, 175 F.3d 121, 132 (2d Cir. 1999); see also In re MarketXT Holdings Corp., 455 F. App'x 41, 43 (2d Cir. 2012) (summary order) (holding that "[t]he court's denial of Appellants' motion to reconsider was not an abuse of discretion.").

Wiley's Procedural Arguments

As an initial matter, Wiley argues that Senisi's motion for reconsideration fails on procedural grounds as untimely and as an impermissible successive motion for reconsideration.  (See Wiley Memo at pp. 7-8.)  As Wiley notes, Local Civil Rule 6.3 requires a party to file a motion for reconsideration "within fourteen (14) days after the entry of the Court's determination of the original motion."  See S.D.N.Y. Local Civil Rule 6.3.  Wiley argues that Senisi's motion is, in effect, a motion for reconsideration of the Court's SJ Order, which was filed on November 30, 2015, thus rendering her January 15, 2016, filing of the instant motion for reconsideration untimely.  While a portion of Senisi's argument does challenge the Court's dismissal of her infringement claims based on the validity of registration VA 1-429-916, her briefing on the instant motion focuses principally on the Court's January 7, 2016, conclusion that the dismissal of the claims arising from registration VA 1-429-916 was with prejudice.  (See generally Senisi Memo.)  The motion for reconsideration was filed eight days after entry of the

Jan. 7 Order, and thus is clearly timely with respect to that Order. Therefore, Senisi's reconsideration motion is not procedurally foreclosed on timeliness grounds as to the issue of the nature of the dismissal.

Nor does this motion represent an impermissible successive motion for reconsideration. Wiley cites several cases in support of the proposition that "[t]he law is clear that Plaintiff may not file successive motions for reconsideration." (Wiley Memo at p. 8.) Courts in this district have stated, for instance, that "[a] litigant is entitled to a single motion for reconsideration." Guang Ju Lin v. United States, Nos. S3 09CR746-SHS, 13CV7498-SHS, 2015 WL 747115, at *2 (S.D.NY. Feb. 18, 2015); see also Montanile v. National Broadcasting Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) ("A Court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment."). Although Senisi seeks the same relief here that she was denied in the Court's Jan. 7 Order – that is, leave to file an amended complaint – her initial letter to the Court, styled as a request for "clarification" of the import of the Court's SJ Order, cannot fairly be characterized as a motion seeking reconsideration of any part of that Order. It was not until the Jan. 7 Order that the Court explicitly set out its reasoning for dismissing Senisi's claims with prejudice, and it was not until the filing of the instant motion that these legal issues were fully briefed. The Court's action on the instant motion, therefore, is not a "duplicative ruling" on a "previously considered issue." Thus, the Court rejects Wiley's argument that the instant motion is procedurally foreclosed as successive motion for reconsideration, and will consider the merits of Senisi's legal arguments.

Senisi's Merits Argument

While the principles that have persuaded the Court to reconsider the Jan. 7 Order were not presented fully in the earlier letter motion practice and therefore cannot be viewed as overlooked controlling authority, the more fleshed out argumentation on the instant reconsideration motion practice, and the steps Plaintiff took promptly after the SJ Order was rendered, warrant revisitation of the Court's earlier decision to preclude merits litigation of the dismissed claims. Senisi relies most heavily on the argument that, in copyright infringement cases, it is the "typical and proper practice . . . to dismiss claims without prejudice or to stay the proceedings in order to allow the copyright owner to correct any technical registration defects," and proffers persuasive authority. (See Senisi Memo at p. 13.) As Senisi indicates, in Family Dollar Stores, Inc. v. United Fabrics Intern., Inc., 896 F. Supp. 2d 223 (S.D.N.Y. 2012), Judge McMahon noted that the "normal" course of action to follow in a case such as this would be to dismiss any copyright infringement claims without prejudice to renewal after the party alleging infringement has secured a valid registration. See id. at 234. In an order issued in that case, Judge McMahon noted the "highly technical" nature of dismissal of claims on the basis of an invalid registration and, in dismissing the claim that was based on the invalid registration, specifically noted that the dismissal was without prejudice to litigation on the merits once a valid registration had been secured. (See Declaration of Kevin McCulloch in Support of Plaintiff's Motion for Reconsideration, Ex. 5, Docket Entry No. 217-7.)

In this connection, the Second Circuit has recognized that the Copyright Act imposes a requirement that, in order to institute an infringement action, a plaintiff must – as a statutory precondition – hold a valid copyright registration. See Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 125 (2d Cir. 2014); see also Accurate Grading Quality Assurance, Inc. v.

Thorpe, No. 12CV1324-ALC, 2013 WL 1234836, at *7 (S.D.N.Y. Mar. 26, 2013) ("While not a strictly jurisdictional requirement, section § 411(a) nonetheless requires copyright registration as a precondition to a copyright claims") (quoting 17 U.S.C. § 411(a)).  As this court has held, "[t]he absence of a valid copyright registration . . . [bars] a plaintiff from bringing a viable copyright infringement action," (emphasis added) and thus does not permit the adjudication of the merits of such an action.  See L.A. Printex Industries, Inc. v. Le Chateau, Inc., No. 11CV4248-LTS, 2012 WL 987590, at *3 (S.D.N.Y. Mar. 23, 2012).  Courts within this Circuit have consistently held that failing to meet a statutory precondition to suit precludes adjudication on the merits and warrants dismissal without prejudice.  See, e.g., Building and Const. Trades Council of Buffalo, New York and Vicinity v. Downtown Development, Inc., 448 F.3d 138, 156 (2d Cir. 2006); see also Catskill Mountains Ch. of Trout Unlimited, Inc. v. City of New York, 273 F.3d 481, 485 (2d Cir. 2001); Leviton Mfg. Co., Inc. v. Reeve, 942 F. Supp. 2d 244, 273 (E.D.N.Y. 2013) ("because the resulting judgment of dismissal is not a determination of the claim, but rather a refusal to hear it, a plaintiff should thereafter have the opportunity to pursue it . . . when the preconditions have been met.").[2]

---

[2]  The Supreme Court's holding in Reed Elsevier v. Muchnick that registration constitutes a statutory prerequisite to suit rather than a jurisdictional bar does not alter this result.  See 559 U.S. 154 (2010).  Indeed, the Copyright Act provides explicitly that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.  See 17 U.S.C.S. § 411(a) (LexisNexis 2011).  Accordingly, "courts in this Circuit have . . . required that a plaintiff either hold a valid copyright registration outright or have applied and been refused a registration prior to filing a civil claim, both before and after Reed Elsevier . . . That a majority of the decisions on this point in this Circuit were decided prior to Reed Elsevier is of no moment as they remain grounded in the important policy goals achieved by the § 411(a) requirement . . . It remains the law in this Circuit that § 411(a) imposes a bar to copyright infringement claims where a plaintiff has not either received or been denied a copyright registration at the time such a claim is interposed."  See Muench Photography, Inc. v. Houghton

Recent Second Circuit precedent comports with the spirit of these decisions. In Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC, 797 F.3d 160 (2d Cir. 2015), the Second Circuit reaffirmed that the "liberal spirit" of Federal Rule of Civil Procedure 15 embodies a "strong preference for resolving disputes on the merits." See id. at 190-91 (quoting Williams v. Citigroup Inc., 659 F.3d 208, 212-13 (2d Cir. 2011)). Moreover, in Loreley, the Second Circuit recognized that a rule requiring a plaintiff to immediately amend its complaint prior to a motion to dismiss in order to avoid waiving its ability to do so later on would present that plaintiff "with a Hobson's choice: agree to cure deficiencies not yet fully briefed and decided or forfeit the opportunity to replead." Loreley, 797 F.3d at 190. The Court went on to hold that "[w]ithout the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." Id. The Second Circuit also noted that this concern is particularly apparent in "complex" cases where issues may be "borderline, and hence subject to reasonable dispute." Id. at 191. The Second Circuit's holding in Loreley thus counsels strongly against the dismissal of claims with prejudice prior to "the benefit of a ruling" that highlights "the precise defects" of those claims. Id. at 190-91.

The Court therefore agrees with Plaintiff that denying Senisi "redress for her [potentially] meritorious claims based on a technical default in her copyright registration would constitute a manifest injustice" that reconsideration of the Jan. 7 Order would avoid. (See Senisi Memo at p. 17 (citing Foman v. Davis, 371 U.S. 178, 181 (1962) for proposition that it is

Mifflin Harcourt Pub. Co., No. 09CV2669-LAP, 2012 WL 1021535, at *5 (S.D.N.Y. Mar. 26, 2012). Moreover, Reed Elsevier did not suggest that registration should be considered to be an element of the merits of a copyright claim.

"entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities).)  Senisi was entitled to rely upon registration VA 1-429-916 as prima facie evidence of the validity of her copyright registration, see, e.g., Fonar Corp. v. Domenick, 105 F.3d 99, 104 (2d Cir. 1997), and she did so throughout the course of litigating this case.  As Senisi points out, Wiley never moved to dismiss Senisi's claims on the basis of the invalidity of registration VA 1-429-916 prior to the summary judgment motion practice.  Therefore, preclusion of Senisi's potentially meritorious infringement claims on the basis that she ought to have amended her registration prior to any judicial ruling on that registration's validity would seem to contravene the "strong preference for resolving disputes on the merits" articulated in Loreley.  797 F.3d at 190.  This is particularly true in light of the fact that Senisi has proffered that, following this Court's SJ Order, she filed multiple applications with the Copyright Office seeking to re-register all of the photographs affected by the SJ Order, and that several of the new applications were approved on the day that this Court filed its Jan. 7 Order.  (See Senisi Memo at p. 10; see also Docket Entry No. 217, Declaration of Kevin McCulloch in Support of Motion for Reconsideration, Exs. 1-3.)  In taking such action promptly, Senisi changed the factual landscape of this case.  Under such circumstances, it would be manifestly unjust to preclude litigation of the merits of the 140 subject claims.

        Accordingly, the Court vacates the Jan. 7 Order and hereby declares that the claims based on copyrights registered under VA 1-429-916 are dismissed without prejudice.  Plaintiff will be permitted to file an amended complaint that properly alleges the valid registration of the images underlying the 140 subject claims.[3]  Plaintiff's motion is granted without prejudice to either party's filing of a motion, pursuant to Rule 21 of the Federal Rules of

---

[3] In light of this determination, Senisi's remaining requests for relief are moot.

Civil Procedure, to sever the 140 subject claims from the remaining claims in the case for the purpose of prompt disposition of the litigation of those remaining claims.

## CONCLUSION

In light of the foregoing, Senisi's request for reconsideration of the Court's Jan. 7 Order is granted.  The Jan. 7 Order is vacated and the 140 claims that were based on copyright registration VA 1-429-916 are dismissed without prejudice.  Plaintiff may file her amended complaint no later than **April 5, 2016.**  Should they so desire, either party may move, pursuant to Federal Rule of Civil Procedure 21, for severance of the 140 claims from all other claims remaining in the case.

The parties are hereby directed to meet and confer regarding any further anticipated motion practice, the possibility of settlement and outstanding trial preparation issues. The final pretrial conference in this matter that is currently scheduled for **Friday, May 6, 2016, at 11:00 a.m.** will instead be a status conference at which the foregoing issues will be discussed.[4]  The parties must file a joint status report addressing these issues no later than **Friday, April 29, 2016.**

This Memorandum Opinion and Order resolves Docket Entry Number 215.

SO ORDERED.

Dated: New York, New York
       March 15, 2016

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             United States District Judge

---

[4]     All deadlines relating to the final pretrial conference remain stayed pending further order of the Court.